West v. West

————————

SANDRA WEST v. THOMAS E. WEST AND THE UNITED STATES OF AMERICA

No. 8212DC1343

(Filed 6 December 1983)

**Appeal and Error § 6.2— interlocutory order—premature appeal**

In a civil action in which plaintiff sought to have a California judgment accorded full faith and credit by having defendant held in contempt by the North Carolina courts, the order appealed from was interlocutory in that it resolved only one of several issues regarding whether the California judgment should be given full faith and credit.

APPEAL by defendant West from *Keever, Judge.* Order entered 22 September 1982 in District Court, CUMBERLAND County. Heard in the Court of Appeals 17 November 1983.

This is a civil action wherein the plaintiff seeks to have a California judgment accorded full faith and credit by having defendant West held in contempt by the North Carolina courts. The United States of America is joined as a party in an attempt by plaintiff to gain information regarding defendant West's military retirement.

From the entry of an order declaring that the California judgment is entitled to full faith and credit and ordering compliance with same, defendant West appealed.

*Rose, Rand, Ray, Winfrey & Gregory, by Randy S. Gregory, for the plaintiff, appellee.*

*Barefoot & White, by Spencer W. White, for the defendant, appellant.*

HEDRICK, Judge.

In her complaint, plaintiff prayed that her California judgment be accorded full faith and credit and that the judgment be enforced by a contempt proceeding. The California judgment in pertinent part provides:

> The Court also orders that Respondent shall cause to be paid to Petitioner as her sole and separate property, one-half (½) of his gross monthly military retirement, commencing 1 February 1979 and continuing monthly thereafter so long as he receives such retirement.
>
> . . .
>
> The Court also orders Respondent to pay all premiums required to maintain in full force and effect the Pilot Life Insurance Company Policy No. 829424 insuring the life of Petitioner.

In his answer defendant West admitted that he had informed plaintiff that he did not intend to comply with the judgments of the California court, and interposed five defenses and a counterclaim.

The trial court in an order filed 14 July 1982 stated, "that this matter involved several legal issues that will have to orderly be determined." The court then set a hearing on the first issue, the validity of the California judgment, for August 1982.

After the hearing, an order was entered 22 September 1982 in which the court found that the California judgment was entitled to full faith and credit. The court further ordered defendant West to comply with the California judgments, and retained the matter for further orders. From that order defendant West gave notice of appeal. Plaintiff moved to dismiss the appeal. The trial court denied the motion, stating: "the question of whether or not an appeal of the said order is proper should be decided by the Court of Appeals."

The first question we must decide is whether the order dated 22 September 1982 was interlocutory and the appeal therefrom premature. The trial court's order dated 14 July 1982 stated there were several issues to be answered, and the 22 September 1982 order resolved only the issue regarding whether the California judgment should be given full faith and credit.

Valid foreign judgments are enforceable only by bringing suit on the judgment to obtain a money judgment. Foreign judgments are not enforceable by civil contempt proceedings. *Sainz v. Sainz,* 36 N.C. App. 744, 245 S.E. 2d 372 (1978).

The 22 September 1982 order is clearly interlocutory in that it merely determines defendant's liability to the plaintiff. The judgment does not determine the amount of defendant's liability or the theory upon which it is based, which would determine the manner of its enforcement.

An appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment. *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975). Having found the order appealed from interlocutory, and further finding that the order does not affect a substantial right, we are compelled to dismiss defendant West's appeal.

By this action we are not expressing an opinion as to the correctness of the order appealed from.

The defendant West's appeal is hereby

Dismissed.

Judges WHICHARD and BECTON concur.