WILLIAM A. H. HOWLAND v. AMBER JUSTIZ STITZER, AND FIRST NATIONAL BANK & TRUST COMPANY, IN ASHEVILLE, NORTH CAROLINA, A CORPORATION.

(Filed 8 March, 1950.)

**1. Divorce § 16½—**

Provision in a decree of divorce rendered by another state directing the payment of stipulated alimony to the wife for life is not subject to attack in this State on the ground that the remarriage of the wife entitled the husband to a modification of the decree under the laws of the state rendering the decree (Sec. 1172-c, Thompson's Laws of New York, 1942 Cumulative Supplement) since the right to modify the decree rests solely in the court which rendered it.

**2. Constitutional Law § 28: Judgments § 28½ —**

The judgment of another state may be collaterally attacked here only on the grounds of (1) lack of jurisdiction, (2) fraud in procurement, (3) being against public policy. Constitution of the United States, Art. IV, Sec. 1.

**3. Declaratory Judgment Act § 2a—**

An action to modify or reform the provisions of a judgment may not be maintained under the Declaratory Judgment Act. G.S. 1-254.

APPEAL by defendant Amber Justiz Stitzer from *Nettles, J.,* at Chambers in Asheville, North Carolina, 31 December, 1949. From BUNCOMBE.

This is an action to restrain the defendant, First National Bank & Trust Company, in Asheville, North Carolina, a banking and trust corporation, from paying the "income from four shares of common stock of Providence Journal Company, a Rhode Island corporation," held in trust by it, to its codefendant, Amber Justiz Stitzer, the former wife of the plaintiff; and to declare null and void "all provisions for the support of the defendant, Amber Justiz Stitzer, . . . during her natural lifetime," as set forth in a judgment entered in a court of the State of New York, on 15 October, 1947, wherein she obtained an absolute divorce from the plaintiff.

The plaintiff further seeks a declaration of the rights of the respective parties.

A temporary restraining order was obtained by the plaintiff and upon order to show cause why it should not be continued to the hearing, upon the hearing it was so continued. In the meantime the defendant Amber Justiz Stitzer, the former wife of the plaintiff, now the wife of Charles Stitzer, Jr., demurred to the complaint on several grounds, among them as follows:

"That it appears from the face of the complaint that the Court has no jurisdiction of the subject of this action in that the plaintiff seeks to cancel a provision of, and enjoin the payment of monies ordered paid for life, under a final judgment of absolute divorce of a court of the State of New York of competent jurisdiction, dissolving the bonds of matrimony between the plaintiff and the defendant, by a collateral attack in the courts of North Carolina, and under Article 4, Section 1, of the Federal Constitution, and under the doctrine of comity, the courts of North Carolina would have no power to amend, change, cancel, or enjoin a subsisting and valid decree of sister state, namely New York, under the allegations of plaintiff's complaint, for to do so would not afford full faith and credit to the New York decree guaranteed by the Federal Constitution, and the relief sought by the plaintiff, if any he may have, can be obtained only by a direct proceedings in the courts of New York having original jurisdiction of the cause.

"That the plaintiff's complaint does not state facts sufficient to constitute a cause of action, in that it appears from the face of the complaint:

"(a) . . .

"(b) . . . That the payments sought to be cancelled and enjoined by the plaintiff were to continue 'during the entire period of her lifetime by payment to her (the defendant Amber Justiz Stitzer) of the income from four shares of common stock of the Providence Journal Company, a Rhode Island corporation,' and that under the laws of New York or North Carolina, neither this Court nor the court of competent jurisdiction of the State of New York could legally cancel or enjoin the payment of the income of this stock."

The hearing on the order to show cause and the hearing on the demurrer were heard at the same time by consent, and from a judgment overruling the demurrer and continuing the restraining order to the hearing, the defendant, Amber Justiz Stitzer, appeals and assigns error.

*William J. Cocke and Denis Mulligan (of New York City) for plaintiff.*

*David H. Armstrong for defendant Stitzer.*

DENNY, J. The plaintiff is seeking to have the Superior Court of Buncombe County, North Carolina, declare null and void certain provisions of a judgment entered in a court of a sister sovereign state, without alleging fraud in its procurement, or attacking its validity in any other respect. He simply alleges that under the laws of the State of New York, by reason of the re-marriage of Amber Justiz Stitzer, she is no longer entitled to the benefits awarded to her for her support during her lifetime, under the provisions of a judgment entered in a court of the State of New York, and prays that he be discharged of all obligations imposed by said judgment with respect to her support.

However, the statute upon which the plaintiff is relying for the relief he seeks, being Section 1172-c, Thompson's Laws of New York, 1942 Cumulative Supplement; L. 1940, c. 226, Section 10, provides for notice and hearing before a judgment can be modified with respect to an award for the payment of alimony. This statute, in our opinion, only gives the courts of the State of New York the right to modify a judgment entered in the courts of that State with respect to an award for the payment of alimony, and the judgment must be given full faith and credit until modified. *Lockman v. Lockman,* 323 U.S. 84, 89 Law Ed. 86, *S.c.,* 220 N.C. 95, 16 S.E. 2d 670; *Barber v. Barber,* 323 U.S. 77, 89 L. Ed. 82; *S.c.,* 180 Tenn. 353, 175 S.W. 2d 324; *Graham v. Hunter,* 42 N.Y.S. 2d 717; *Hoyt v. Hoyt,* 38 N.Y.S. 2d 312; *Fales v. Fales,* 160 Misc. 799, 290 N.Y.S. 655, 295 N.Y.S. 754; *Little v. Little,* 146 Misc. 231, 262

N.Y.S. 654, affirmed without opinion in 236 App. Div. 826, 259 N.Y.S. 973; *Glaser v. Glaser,* 276 N.Y. 296, 96 N.E. 726; *Hess v. Hess,* 276 N.Y. 486, 12 N.E. 2d 170; *Johnson v. Johnson,* 196 S.C. 474, 13 S.E. 2d 593, 134 A.L.R. 318; *Beiwend v. Beiwend,* 17 Cal. 2d 108, 109 P. 2d 701, 132 A.L.R. 1264; *Barns v. Barns,* 9 Cal. App. 427, 50 Pac. 2d 463; *Paulin v. Paulin,* 195 Ill. App. 352. And there is no allegation in the plaintiff's complaint to the effect that such modification has been made in the courts of the State of New York, neither has such modified judgment been duly authenticated and made a part of plaintiff's complaint. If these facts appeared affirmatively in plaintiff's complaint, we would have no difficulty in upholding the ruling of the court below, but we think the Superior Court of Buncombe County is without authority to modify the judgment of the New York Court.

Cases involving the custody of children, such as *New York v. Halvey,* 330 U.S. 610, 91 L. Ed. 1133, upon which the appellee is relying, are not controlling on the present record.

Ordinarily, the judgment of a sister state may be collaterally attacked upon the following grounds: (1) Lack of jurisdiction; (2) fraud in procurement; or (3) that it is against public policy. *S. v. Williams,* 224 N.C. 183, 29 S.E. 2d 744; *S.c.,* 325 U.S. 226, 98 L. Ed. 1577; *Crescent Hat Co. v. Chizik,* 223 N.C. 371, 26 S.E. 2d 871; *Cody v. Hovey,* 219 N.C. 369, 14 S.E. 2d 30. It clearly appears, however, from plaintiff's complaint that he is not attacking the validity of the New York decree on any of these grounds, but that he is relying upon the validity of the divorce granted by the decree and seeks only such modification thereof as will relieve him of certain obligations imposed therein.

It is said in 31 Am. Jur., Judgments, Section 535: "Under the full faith and credit clause of the Constitution of the United States, a judgment rendered by a court of one State is, in the courts of another state of the Union, binding and conclusive as to the merits adjudicated. It is improper to permit an alteration or re-examination of the judgment, or of the grounds on which it is based." See also 50 C.J.S., Judgments, Section 891.

In the case of *Hoyt v. Hoyt, supra,* the parties had theretofore obtained a divorce in the State of Nevada. The decree contained certain provisions with respect to the payment of alimony. The plaintiff instituted an action in the State of New York to collect sums of money due under a separation agreement which had been incorporated in the divorce decree. The husband undertook to assert as a defense the invalidity of the separation agreement. The New York Court said: "The parties having submitted themselves to the jurisdiction of the Nevada Court, which also had jurisdiction over the subject matter, the decree entered is conclusive there, and under the full faith and credit clause of the

Constitution of the United States, Art. IV, Sec. 1, is equally so in every other State. . . . The only forum which has jurisdiction to modify, alter or amend the decree is the Nevada Court."

Also, in *Little v. Little, supra,* the question was presented whether the courts of New York might modify a judgment entered in New York upon a decree of a court of another state, so as to require the payment of a smaller amount of alimony than that provided for in the foreign decree. In the opinion of the New York Court, it is stated: "The proper remedy of the defendant would seem to be to obtain a modification in the courts of the State in which the judgment of divorce was originally rendered. . . . The judgment entered in this action being based and predicated upon the Illinois judgment, it is my opinion that it can be modified only upon the basis of a modification of the Illinois judgment."

And in *Paulin v. Paulin, supra,* the parties had been divorced in the State of Ohio, and the action was instituted in Illinois to collect alimony due under the original judgment. The defendant sought to have the Ohio decree amended. The Illinois Court said: "True it is that every decree for alimony is subject to be varied at a subsequent time by the court entering the decree, yet no other court can disturb it, and until such court does so, it remains fast, firm and final."

Counsel for plaintiff (Mr. Cocke) states in his brief that he is seeking a declaration of the rights of the parties, and in his oral argument before this Court, he took the position that the plaintiff is entitled to the relief he seeks under the provisions of the Declaratory Judgment Act, G.S. 1-253-267. The allegations of the complaint, however, are insufficient to invoke the provisions of that Act, even if jurisdiction of this cause be conceded.

The plaintiff is not seeking an interpretation of the provisions of a "deed, will, written contract or other writings constituting a contract," etc., as provided in G.S. 1-254, but he is seeking the modification or reformation of the provisions of a judgment. Moreover, the judgment he seeks to amend is not set out in his pleadings or an authenticated copy thereof attached thereto. See *Wright v. McGee,* 206 N.C. 52, 173 S.E. 31; *Brandis v. Trustees of Davidson College,* 227 N.C. 329, 41 S.E. 2d 833; *Lide v. Mears, ante,* 111, 56 S.E. 2d 404.

For the reasons herein stated, and the cited authorities in support thereof, the order overruling the demurrer and continuing the restraining order to the hearing, is reversed.

Judgment vacated; proceedings dismissed.