AMERICAN BANK AND TRUST COMPANY v. HORACE R. ELZEY AND WIFE, JOANNE A. ELZEY; GERALD L. MILLER AND WIFE, WILMA M. MILLER; AND WARREN LEE SIMMONS AND WIFE, SONJA BILES SIMMONS

No. 7520SC79

(Filed 21 May 1975)

**Guaranty— guaranty of payment — failure to collect accounts receivable held as collateral**

Failure of a bank to collect accounts receivable held by it as collateral for a loan to a corporation did not constitute a defense to the bank's action against guarantors of payment of the loan.

APPEAL by defendants Horace R. Elzey, Joanne A. Elzey, Gerald L. Miller, and Wilma M. Miller from *Kivett, Judge.* Judgment entered 28 October 1974 in Superior Court, UNION County. Heard in the Court of Appeals 7 April 1975.

This is a civil action wherein the plaintiff, American Bank and Trust Company, seeks to recover from the defendants, Horace R. Elzey and wife, Joanne A. Elzey, Gerald L. Miller and wife, Wilma M. Miller, and Warren Lee Simmons and wife, Sonja Biles Simmons, $7,752.64, plus interest, upon their alleged promises to guarantee payment of certain indebtedness of Simetronics, Inc.

In its complaint plaintiff alleged that on 21 November 1970 the defendants executed "absolute and continuing" guaranty agreements whereby they guaranteed payment of all loans, together with interest, made by plaintiff to Simetronics, Inc. The guaranty agreements provided in part:

> "You [plaintiff] may receive and accept from time to time any securities or other property as a collateral to any such notes, drafts, debts, obligations and liabilities, and may surrender, compromise, exchange and release absolutely the same or any part thereof at any time without notice to the undersigned [defendant] and without in any manner affecting the obligation and liability of the undersigned hereby created.

> This obligation and liability on the part of the undersigned shall be a primary and not a secondary obligation and liability, payable immediately upon demand without recourse first having been had by you against the Borrower or any person, firm or corporation; and the undersigned hereby waives the benefits of all provisions of law for stay or delay of execution or sale of property or other satisfaction of judgment against the undersigned on account of obligation and liability hereunder until judgment be obtained therefor against the Borrower and execution thereon returned unsatisfied, or until it is shown that the Borrower has no property available for the satisfaction of the indebtedness, obligation and liability guaranteed hereby, or until any other proceedings can be had."

Thereafter, plaintiff loaned Simetronics $13,249.80 evidenced by a promissory note for that amount. As collateral for the loan, Simetronics gave plaintiff a security interest in its inventory and accounts receivable. The note became due on 9 February 1972 and Simetronics defaulted in repayment of the loan in the amount of $10,849.48. Upon institution of a lawsuit by another creditor of the corporation, Simetronics was placed in receiver-

ship. Plaintiff "used its best efforts to expedite the administration of the Receivership in order to conserve the assets of Simetronics, Inc., and to realize therefrom as much as possible to apply against the amount due and owing the plaintiff . . . . " Plaintiff realized $850.43 from the receivership and further collected $2,246.41 from certain accounts receivable of Simetronics. After applying all funds received, $7,752.64 plus interest remains due and unpaid on the promissory note.

On 8 January 1973, defendants Elzey and Miller filed answer and admitted all of plaintiff's allegations. As a further answer and defense, the answering defendants alleged:

> "1. Simetronics, Inc., as collateral for the loan described in Paragraph 4 of the plaintiff's Complaint, did give to the plaintiff a security interest in the inventory and accounts receivable of Simetronics, Inc., as the plaintiff alleges in Paragraph 8 of the Complaint.

> 2. The plaintiff, while it has collected $2,246.41, has failed to diligently pursue the collection of the said accounts, but has held onto them, refusing to allow the defendants to pursue the collection of these accounts.

> 3. As the plaintiff alleged in Paragraph 9 of its Complaint, plaintiff intervened in the Receivership under which Simetronics, Inc., was placed and prevented the Receiver from pursuing the collection of the accounts receivable referred to in Paragraph 8 of the plaintiff's Complaint."

Plaintiff moved for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c). The trial court granted the motion and entered judgment against the answering defendants in the amount of $7,752.64 plus interest from 5 December 1972. Defendants Elzey and Miller appealed.

*Thomas J. Caldwell for plaintiff appellee.*

*John E. McDonald, Jr., for defendant appellants.*

HEDRICK, Judge.

Defendants' exception to the judgment presents for review the face of the record proper, but such review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment and whether the judgment is in proper

form. *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968).

A motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c), should not be granted unless "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." 5 Wright and Miller, Federal Practice and Procedure § 1368 (1969) (footnotes omitted); *Accord, Ragsdale v. Kennedy,* 286 N.C. 130, 209 S.E. 2d 494 (1974).

While the allegations in the pleadings and the inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party, we find nothing in defendants' further answer and defense which gives rise to a material question of fact or constitutes a defense to plaintiff's claim. At most, defendants' further answer and defense alleges a failure of plaintiff, either on its own or through the receiver, to collect on the accounts receivable held by it as collateral for the promissory note. By the terms of the guaranty agreements executed by each of the defendants and admitted by them in their answer, defendants guaranteed payment and not merely collection of the loan by plaintiff to Simetronics. Therefore, upon default by Simetronics, plaintiff was free to collect the entire amount due from the defendants without obtaining a judgment against Simetronics or exhausting the collateral, the accounts receivable. *Credit Corp. v. Wilson,* 281 N.C. 140, 187 S.E. 2d 752 (1972); 38 Am. Jur. 2d, Guaranty § 114 (1968). In any event, when the defendants have paid Simetronic's obligation to plaintiff under the guaranty agreements, they would be entitled under the agreements to collect the accounts receivable.

The judgment appealed from is

Affirmed.

Judges BRITT and MARTIN concur.