FLORA L. SAINZ v. ANTHONY SAINZ

No. 7712SC446

(Filed 20 June 1978)

1. **Divorce and Alimony § 21.5— support provisions of separation agreement—no enforcement by contempt**

   A judgment for sums due under an extrajudicial separation agreement is not enforceable by execution *in personam* in the form of imprisonment for civil contempt by reason of the prohibition against imprisonment for debt provided by Art. I, § 28 of the N. C. Constitution.

2. **Constitutional Law § 26.6; Courts § 21.1; Divorce and Alimony § 21.5— separation agreement—foreign decree of specific performance—contempt—full faith and credit—comity**

   A New York decree of specific performance of the support provisions of an extrajudicial separation agreement, which is enforceable in New York by civil contempt proceedings, is not entitled to enforcement by civil contempt proceedings in the courts of this State by reason of the full faith and credit clause of the U. S. Constitution, since contract support payments may not be enforced in this State by contempt proceedings, and the methods by which a judgment may be enforced in the state in which it is rendered are not made obligatory upon the courts of another state by the full faith and credit clause. Nor was the New York decree entitled to enforcement by contempt proceedings under the principles of comity, since comity rests in the discretion of the courts of the state in which enforcement is sought, and no state will enforce a foreign law contrary to its public policy.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 25 January 1977 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 6 March 1978.

This is an action brought by plaintiff seeking judgment for accrued support due under a separation agreement, and asking the court to give effect to a New York judgment ordering specific performance of the separation agreement by the defendant.

Both parties moved for summary judgment. After a hearing on the cross-motions for summary judgment, the trial court summarized the undisputed facts, pertinent portions of which are summarized except where quoted, as follows:

The plaintiff, a resident of New York, and the defendant, a resident of Robeson County, North Carolina, entered into a separation agreement on 12 August 1967, "wherein defendant agreed to pay certain monies to plaintiff for her natural life or un-

til she remarried." On 19 December 1968, "the Supreme Court of New York, Oneida County, rendered summary judgment in favor of the plaintiff and against the defendant ordering defendant to specifically perform the separation agreement of August 12, 1967 and all the provisions thereof." Subsequent to the execution of the separation agreement, the parties were divorced; plaintiff has not remarried; defendant has remarried and has a child by his second marriage. Plaintiff seeks judicial recognition and adoption of the New York order in this State to compel specific performance by defendant and to punish his non-compliance through civil contempt proceedings. "[T]he separation agreement in question was and is a civil contract and its creation and execution by the parties was an extrajudicial transaction." There are no issues of material fact as to this claim, thus allowing its disposition pursuant to Rule 56 of the North Carolina Rules of Civil Procedure.

Based upon the undisputed facts, the trial court made conclusions of law, set out in full as follows:

"1. It is the law and public policy of the State of North Carolina, that no person shall be imprisoned for debt. Article I, Section 16 [sic], North Carolina Constitution.

2. It is the law of North Carolina that an extrajudicial contract or agreement of separation between a husband and wife wherein the husband obligates himself to make periodic payments for the wife's support creates a debtor-creditor relationship and any judgment rendered for non-performance is a debt.

3. The agreement of separation entered into by the parties herein may be enforced by maintaining an action for breach of contract and judgment may be awarded for sums shown to be due; such actions, however, sound in contract and may result only in a money judgment, it being the policy and law of North Carolina that such contractual rights may not be enforced by civil proceedings for contempt.

4. It being contrary to the public policy and Constitution of North Carolina to imprison for debt, this Court cannot grant full faith and credit to the judgment of the Supreme Court of New York ordering the defendant to specifically perform the contract of separation, and specifically its provisions for future support payments.

5. The Court, lacking the power to enforce said contract by proceedings for civil contempt, must deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment, it clearly appearing that the defendant is entitled to judgment as a matter of law."

From the trial court's order denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment, plaintiff has appealed.

*Smith, Geimer & Glusman, by Kenneth Glusman, for the plaintiff.*

*Butler, High & Baer, by Keith L. Jarvis, for defendant.*

BROCK, Chief Judge.

As a preliminary matter, we note that the trial court purported to make findings of fact and conclusions of law in its order. The words of Judge Morris in a recent opinion are pertinent:

"At the outset we feel compelled again to point out that it is not a part of the function of the court on a motion for summary judgment to make findings of fact and conclusions of law . . . . Granted, in rare situations it can be helpful for the trial court to set out the *undisputed* facts which form the basis for his judgment. When that appears helpful or necessary, the court should let the judgment show that the facts set out therein are the undisputed facts. The judgment now before us does not so indicate. It does appear, however, that the *material* facts set out are not in dispute." *Capps v. City of Raleigh,* 35 N.C. App. 290, 292, 241 S.E. 2d 527, 528-529 (1978).

Here, also, it appears that the material facts set out by the trial court are undisputed, and we thus proceed to dispose of the question of law raised by this appeal, namely, whether the trial court erred in refusing to recognize and adopt the New York decree of specific performance.

[1] Plaintiff's express purpose in seeking the remedy of specific performance was to enable her to enforce the provisions of the separation agreement by civil contempt proceedings. She concedes that the relief sought would not be available to her in an

action brought originally in the courts of this State. The enforcement of support payments provided in an extrajudicial separation agreement is accomplished as in the case of any other civil contract, *i.e.* through an action for breach of the contract seeking a judgment for sums due. Such an action, sounding in contract, is not enforceable by execution *in personam* in the form of imprisonment for civil contempt for non-compliance, by reason of the constitutional prohibition against imprisonment for debt. N.C. Const., Art. I, § 28; *Stanley v. Stanley*, 226 N.C. 129, 37 S.E. 2d 118 (1946); *Mitchell v. Mitchell*, 270 N.C. 253, 154 S.E. 2d 71 (1967). Based upon the above reasoning, this Court recently held that injunctive relief is not available to a plaintiff seeking to enforce support provisions of a separation agreement. *Riddle v. Riddle*, 32 N.C. App. 83, 230 S.E. 2d 809 (1977). It follows, therefore, that the remedy of specific performance of a separation agreement contemplating enforcement by civil contempt proceedings is not available in this State.

This conclusion is not altered by the recent case of *Levitch v. Levitch*, 294 N.C. 437, 241 S.E. 2d 506 (1978). In *Levitch* a judgment was issued granting defendant therein an absolute divorce and the provisions of a separation agreement between the parties was adopted by order of the district court directing payment of the amounts specified in the agreement. In such a case, the separation agreement is superseded by a decree of the court which is enforceable by contempt proceedings. The distinction between enforcement of a mere extrajudicial contractual separation agreement and a decree of the court incorporating the provisions of a separation agreement into a judgment of divorce remains viable in this State.

[2] Plaintiff contends, nevertheless, that the New York specific performance decree is entitled to recognition and enforcement in North Carolina by virtue of the full faith and credit clause of the U.S. Constitution. We disagree, and hold to the contrary.

Under the full faith and credit clause a valid judgment for the payment of money must, as a general rule, be *recognized* and enforced in a sister state. Restatement 2d, Conflict of Laws §§ 93 and 100 (1971). Likewise, a judgment in the nature of an equitable decree that orders the doing of an act is entitled to recognition to the same degree as another judgment. *Id.* § 102, Comment b.

However, there is a distinction between recognition of a foreign judgment, on the one hand, and its enforcement, on the other hand, as noted in an introductory note preceding the above cited § 93:

> "A foreign judgment is recognized, as the term is used in the Restatement of this Subject, when it is given the same effect that it has in the state where it was rendered with respect to the parties, the subject matter of the action and the issues involved. A foreign judgment is enforced when, in addition to being recognized, a party is given the affirmative relief to which the judgment entitles him."

Thus to the extent that the New York decree in the instant case adjudicated the rights and liabilities as between the parties, it is entitled to recognition by the courts of this State. However, the full faith and credit clause does not, in our opinion, require the court of this State to provide to plaintiff the remedy of specific performance enforceable by contempt proceedings which, apparently, is available in New York. The methods by which a judgment of another state is enforced are determined by the local law of the forum. *Id.* § 99. ". . . mere modes of execution provided by the laws of a state in which a judgment is rendered are not, by operation of the full faith and credit clause, obligatory upon the courts of another state in which the judgment is sought to be enforced. . . ." *Sistaire v. Sistaire*, 218 U.S. 1, 26, 54 L.Ed. 905, 914, 30 S.Ct. 682, 690 (1910). As noted *supra*, execution *in personam* is not available to a party seeking enforcement of contractual support payments. "The full faith and credit clause does not operate to give a foreign judgment, so far as enforcement is concerned, any higher position than a domestic judgment." 46 Am. Jur. 2d, Judgments, § 905, p. 1038.

Our decision does not leave the plaintiff without any remedy for enforcement of her rights under the separation agreement. An equitable decree for the payment of money is enforced in another state "just as a money judgment of a law court is enforced, by suit on the judgment." H. Goodrich, Handbook of the Conflict of Laws § 218, p. 411 (4th ed. E. Scoles 1964).

Thus we hold that the New York decree of specific performance is not entitled to compulsory enforcement in this State by virtue of the full faith and credit clause. Furthermore, the New

York decree is not entitled to enforcement under principles of comity. Comity rests in the discretion of the courts of the state in which enforcement is sought. 16 Am. Jur. 2d, Conflict of Laws, § 5. No state will enforce a foreign law contrary to its public policy. *Id.* § 6; *Armstrong v. Best*, 112 N.C. 59, 17 S.E. 14 (1893).

For the reasons set out, we affirm the judgment of the trial court denying full faith and credit to the New York specific performance decree. We note however that by its 19 December 1968 order, the New York court rendered summary judgment against defendant in the amount of $685.00. Plaintiff's motion in the action now before the Court sought enforcement of the New York judgment. It appears that the trial court below failed to consider whether the New York money judgment was entitled to full faith and credit. Plaintiff is entitled to consideration of this question, and this case is remanded to the Superior Court, Cumberland County for further consideration of the New York decree insofar as it awards judgment for a sum certain in money.

Affirmed in part; remanded with instructions.

Judges HEDRICK and MITCHELL concur.