FMS MANAGEMENT SYSTEMS, INC. v. E. H. THOMAS AND JESSE M. WALLER

No. 8226SC1285

(Filed 20 December 1983)

**Judgments § 51— action to enforce Florida deficiency judgment in North Carolina — full faith and credit**

 Although plaintiff, under G.S. 45-21.38, could not have enforced a deficiency judgment in a purchase money transaction in North Carolina if the foreclosure on the security yielded an insufficient amount to satisfy the indebtedness, pursuant to the Full Faith and Credit Clause, the trial court properly granted plaintiff's motion for judgment on the pleadings in an action on a Florida deficiency judgment.

 Judge WELLS dissenting.

APPEAL by defendants from *Johnson* and *Snepp, Judges.* Judgments entered 16 April and 8 September 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 26 October 1983.

Defendants appeal from orders denying defendants' motions for judgment on the pleadings and summary judgment and granting plaintiff's motion for judgment on the pleadings in an action on a Florida deficiency judgment.

The pertinent facts are:

On or about 27 June 1973, defendants, E. H. Thomas and Jesse M. Waller, partners of Thomas and Waller, a North Carolina general partnership, purchased two approximately ten-acre parcels of land in Seminole County, Florida, from plaintiff's predecessor in interest, a Florida corporation. Defendants, in return, executed and delivered to plaintiff's predecessor a purchase money mortgage note for $605,200.00. After paying $368,921.02 on the note, defendants defaulted.

On 1 April 1976, plaintiff was awarded a final judgment of foreclosure in a Florida court. After foreclosure, plaintiff instituted action in a Florida court for a deficiency judgment. The Florida court found a legal deficiency of $267,985.43. After considering equitable matters, the Court reduced this amount, and on 28 October 1976, granted plaintiff judgment of $41,146.47 to cover

interest, attorney fees, court costs and the cost to redeem tax certificates.

On 12 November 1981, said judgment not having been paid, plaintiff, a Maryland corporation, authorized to conduct business in Florida, instituted action on the judgment against defendants, North Carolina residents, in North Carolina.

On 16 April 1982, the Court denied defendants' motion for judgment on the pleadings. On 8 September 1982, the Court denied defendants' motion for summary judgment and granted plaintiff's motion for judgment on the pleadings. Plaintiff was awarded $76,692.54 plus court costs of $45 and interest thereon from 8 September 1982.

*Young, Moore, Henderson and Alvis, P.A., by Edward B. Clark and B. T. Henderson, II, for plaintiff appellee.*

*Parker Whedon, for defendant appellants.*

VAUGHN, Chief Judge.

Defendants contend that the trial court erred in denying their motions for judgment on the pleadings and summary judgment and granting plaintiff's motion for judgment on the pleadings since the subject of the Florida judgment is against the policy of and could not have been entertained in a North Carolina court. We find no merit in defendants' contention.

Under G.S. 45-21.38, which abolishes deficiency judgments in purchase money transactions if foreclosure on the security yields an insufficient amount to satisfy the indebtedness, plaintiff could not have instituted action for the deficiency in North Carolina. The question in this case, however, concerns not the validity of a North Carolina deficiency judgment, but the validity in North Carolina of a Florida deficiency judgment, valid under Florida law. *See* Fla. Stat. § 702.06.

In this situation we are faced squarely with the Full Faith and Credit Clause, which mandates that each state give full faith and credit to the public acts, records, and judicial proceedings in every other state. U.S. Const. Art. IV, § 1. A litigation, once pursued to a judgment, is conclusive, under this constitutional mandate, of the rights of the parties in every other court as in that

where judgment was rendered. *Morris v. Jones,* 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488, 168 A.L.R. 656, *reh. denied,* 330 U.S. 854, 67 S.Ct. 858, 91 L.Ed. 1296 (1947).

Defendants contend that the Florida judgment is not entitled to full faith and credit since it violates the public policy of our state. Defendants' contention lacks merit.

In *Fauntleroy v. Lum,* 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908), a Mississippi court refused to accord full faith and credit to a Missouri judgment based on a cotton futures contract, illegal in Mississippi. The United States Supreme Court held that Mississippi must give full faith and credit to the Missouri judgment even though such judgment violated its own public policy.

The "Fauntleroy Doctrine" was followed by our own Supreme Court in *Mottu v. Davis,* 151 N.C. 237, 65 S.E. 969 (1909). Plaintiff in that case instituted action in North Carolina on a Virginia judgment obtained against defendant on a gambling debt. Defendant contended that such judgment was illegal, recovery therefrom forbidden by public policy and express provision of the North Carolina gaming statute. To this contention, the *Mottu* Court responded: "[T]he question presented has been recently decided against the defendant's position by the Supreme Court of the United States, the final arbiter of such matters[.]" *Id.* at 240, 65 S.E. at 971.

Defendant points to numerous decisions in which we have stated that a judgment of a court in another state may be attacked on grounds of lack of jurisdiction, fraud in the procurement, *or as being against public policy. See, e.g., Howland v. Stitzer,* 231 N.C. 528, 58 S.E. 2d 104 (1950); *Courtney v. Courtney,* 40 N.C. App. 291, 253 S.E. 2d 2 (1979). (Emphasis added.) Although we have so asserted, it is rare that we will disregard a sister state judgment on public policy grounds. The *Fauntleroy* decision, as noted by a recent commentator, "narrows almost to the vanishing point the area of state public policy relief from the mandate of the Full Faith and Credit Clause—at least so far as the judgments of sister states are concerned." Wurfel, *Recognition of Foreign Judgments,* 50 N.C. L. Rev. 21, 43 (1971). One exception to the full faith and credit rule is a penal judgment; a state need not enforce the penal judgment of another state. *Huntington v. Attrill,* 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892).

Another exception is when the judgment sought to be enforced is against the public policy of the state where it was initially rendered. *Cody v. Hovey*, 216 N.C. 391, 5 S.E. 2d 165 (1939); *Mottu v. Davis, supra.* The exceptions, however, are few and far between. *Williams v. North Carolina*, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273 (1942). In general, we are bound by the Full Faith and Credit Clause to recognize and enforce a valid judgment for the payment of money rendered in a sister state. *Sainz v. Sainz*, 36 N.C. App. 744, 747, 245 S.E. 2d 372, 375 (1978), *citing* Restatement (Second) Conflict of Laws, §§ 93 & 100 (1971).

Defendants rely on *Bullington v. Angel*, 220 N.C. 18, 16 S.E. 2d 411, 136 A.L.R. 1054 (1941), 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947) to support their contention that the trial court had no jurisdiction in this matter. Defendants' reliance is misplaced and their contention without merit. In *Bullington v. Angel*, the vendor, a resident of Virginia, instituted action in North Carolina to recover a deficiency owed by the vendee, a resident of North Carolina, who had purchased land in Virginia. Our Supreme Court refused to entertain the suit, explaining that our anti-deficiency statute, G.S. 45-21.38, was procedural in nature and limited the jurisdiction of our courts. Whether the statute is procedural or substantive is not at issue here. Plaintiff's present action concerns the enforcement of a judgment already rendered, not a deficiency sought to be collected. Defendant does not attack the jurisdiction of the Florida court rendering the deficiency judgment. Such judgment, valid and enforceable in Florida, is entitled to full faith and credit here.

Defendants contend that plaintiff's status as a foreign corporation removes this case from the mandate of the Full Faith and Credit Clause. Defendants' contention has no merit. Plaintiff's status does not affect our duty to honor the Florida judgment.

Defendants lastly contend that the trial court erred in failing to rule on their motion for sanctions under Rule 37 and their motion to amend their answer under Rule 15 of the Rules of Civil Procedure. We find no error. Since the pleadings failed to present any material, controverted issues of fact, the trial court was correct in granting plaintiff judgment on the pleadings as a matter of law. *See Trust Co. v. Elzey*, 26 N.C. App. 29, 214 S.E. 2d 800, *cert. denied*, 288 N.C. 252, 217 S.E. 2d 662 (1975). It would have been futile to rule on defendants' motions.

Affirmed.

Judge BRASWELL concurs.

Judge WELLS dissents.

Judge WELLS dissenting:

In these times, speculators in real property ventures often solicit investments on a nationwide basis. I believe that these circumstances make it just as important today as it was when *Bullington v. Angel,* 220 N.C. 18, 16 S.E. 2d 411 (1941), *see also Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947) was written that we continue to adhere to the public policy doctrine position adopted then, and that we accordingly continue to deny access to our courts to obtain or enforce judgments for real property purchase money deficiency judgments. For these reasons, I vote to reverse the trial court, it being my position that the defendant was entitled to summary judgment.