504 So.2d 63 (1987)
GNLV CORP., Appellant,
v.
Arthur FEATHERSTONE, Appellee.
GNLV CORP., Appellant,
v.
Edwin TUNICK, Appellee.
Nos. 4-86-1532, 4-86-1533.
District Court of Appeal of Florida, Fourth District.
March 25, 1987.
Robert L. Floyd and Sally R. Doerner, of Floyd Pearson Richman Greer Weil Zack & Brumbaugh, P.A., Miami, for appellant.
Alfred Aronovitz, Miami, for appellees.
GLICKSTEIN, Judge.
In an exercise of chutzpah which the writer would eschew if only because of movie engendered impressions, appellees here "stiffed" appellant, a Las Vegas gambling casino, by writing bad checks of $35,000 and $30,000 to cover gambling debts incurred in Nevada.
Appellant sued appellees in Nevada and obtained a valid judgment there, complying with all of the necessary requirements as to notice and otherwise. When appellant then recorded the Nevada final judgment in Florida in accordance with Section 55.501, et seq., Florida Statutes (1985), appellees sued to invalidate the foreign judgment against them and to have the Florida Enforcement of Foreign Judgments Act contained in Section 55.501, et seq. declared unconstitutional.
The trial court, relying upon Young v. Sands, Inc., 122 So.2d 618 (Fla. 3d DCA 1960), and Dorado Beach Hotel Corporation v. Jernigan, 202 So.2d 830 (Fla. 1st DCA 1967), invalidated the Nevada judgment, but did not expressly rule upon the constitutionality of the above statute, although the parties raised it in their motions for summary judgment. We reverse, holding the Florida Enforcement of Foreign Judgments Act to be constitutional, and remand with direction to enter final judgment for appellant.
The above cases, upon which the trial court relied, are inapposite to the present situation. Both were actions initially *64 filed in Florida, based upon gambling debts incurred elsewhere. The present action involves a valid foreign judgment and is controlled by Trauger v. A.J. Spagnol Lumber Company, 442 So.2d 182 (Fla. 1983), requiring Florida to recognize the Nevada judgment under the full faith and credit clause. See also Workingmens Cooperative Bank v. Wallace, 9 So.2d 731, 732 (Fla. 1942); Miller v. Kingsley, 194 Neb. 123, 230 N.W.2d 472 (1975); Conquistador Hotel Corp. v. Fortina, 99 Wis.2d 16, 298 N.W.2d 236 (Ct.App. 1980); Hilton International Company v. Arace, 35 Conn. Supp. 522, 394 A.2d 739 (App. 1977); FMS Management Systems, Inc. v. Thomas, 65 N.C. App. 561, 309 S.E.2d 697, 699 (1983); In re Smith, 66 B.R. 58 (Md. 1986); and Casanova Club v. Bisharat, 189 Conn. 591, 458 A.2d 1, 4 (1983).
We opt not to discuss all of the arguments raised with respect to the issue of constitutionality as appellees may seek review of our conclusion upon this issue in the state's highest court, which is the judicial policy maker for Florida and the appropriate body, in our view, to speak to the parties' arguments in this case. We have duly considered appellees' arguments and reject them all.
LETTS, J., and GOLDMAN, MURRAY, Associate Judge, concur.