511 So.2d 1099 (1987)
M & R INVESTMENTS, CO., INC., Appellant,
v.
Stephen J. HACKER, Appellee.
No. 86-1950.
District Court of Appeal of Florida, Fifth District.
September 3, 1987.
Joseph C. Jacobs and Hillary C. Ervin, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
Robert Dyer and Warren L. Franz, of Duckworth, Allen & Dyer, P.A., Orlando, for appellee.
ORFINGER, Judge.
The principal question raised here is to what extent may the trial court refuse enforcement of a valid judgment of a sister state because the judgment enforces a gambling debt, valid where rendered, but contrary to the public policy of this state. The trial court denied enforcement. We reverse.
There is no disagreement between the parties as to the nature of the debt underlying the judgment. The appellant sued Hacker to collect for credit which it had extended to him for gambling at appellant's casino in Nevada. The appellee does not question either personal or subject matter jurisdiction of the Nevada court which entered the judgment. Citing section 849.26, Florida Statutes (1985) which makes void any agreement for the repayment of money advanced for the purpose of betting on gambling (except for any gambling transaction expressly authorized by law), the trial court held that Florida courts may not be compelled to enforce a foreign judgment which is contrary to this state's public policy[1] against gambling.
Appellant relies on the Full Faith and Credit Clause of the United States Constitution,[2] Article IV, Section 1, as a basis for *1100 enforcement of the judgment. Appellee argued, and the trial court agreed that an exception exists where the final judgment of a sister state violates a strong public policy of the forum state, in which case the court is entitled to disregard the foreign judgment. On this basis the trial court refused to enforce the judgment on public policy grounds. This ruling finds no support in the decided cases.
This issue was addressed many years ago by the United States Supreme Court in Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908), where the court held that the Full Faith and Credit Clause required Mississippi to enforce a valid Missouri judgment although the judgment was for a gambling obligation on futures contracts, specifically prohibited by the laws of Mississippi.[3] The law has not changed since that decision. Despite dictum in some cases which the trial court believed relaxed that principle,[4] later cases make it clear that the exceptions are few and far between. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942). As the Supreme Court later said:
We are aware of no such exception in the case of a money judgment rendered in a civil suit. Nor are we aware of any considerations of local policy or law which could rightly be deemed to impair the force and effect which the full faith and credit clause and the Act of Congress required to be given to such a judgment outside the state of its rendition. [Citation omitted].
The constitutional command requires a state to enforce a judgment of a sister state for its taxes, Milwaukee County v. N.E. White Co., supra [296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935)], or for a gambling debt, Fauntleroy v. Lum, supra, or for damages for wrongful death, Kenney v. Supreme Lodge, supra [252 U.S. 411, 40 S.Ct. 371, 64 L.Ed. 638 (1920)], although the suit in which the judgment was obtained could not have been maintained under the laws and policy of the forum to which the judgment is brought.
* * * * * *
It demands recognition of it even though the statute on which the judgment was founded need not be applied in the state of the forum because in conflict with the *1101 laws and policy of that state. [Citations omitted]. [Footnote omitted].
Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 438-39, 64 S.Ct. 208, 213-14, 88 L.Ed. 149 (1943).
The Florida Supreme Court applied these principles in Trauger v. A.J. Spagnol Lumber Co., 442 So.2d 182 (Fla. 1983), where the trial court denied enforcement of a Pennsylvania judgment, otherwise valid, because it was based on a confession of judgment, thus not enforceable in Florida because of section 55.05, Florida Statutes (1977) which declared such confessions of judgment void. The district court reversed, and the Supreme Court approved the district court opinion, rejecting the public policy defense as it applied to a foreign judgment, explaining:
Trauger contends that this judgment, which he concedes is proper under the laws of Pennsylvania and constitutional under the United States Constitution, should be denied full faith and credit because a judgment based on a confession of judgment is contrary to the public policy of the State of Florida, as expressed in section 55.05. An action to recover on a foreign judgment is completely independent from the original cause of action. It is the judgment from the other state which forms the basis for the cause of action, and the validity of the claim on which the foreign judgment was entered is not open to inquiry. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). Although the Florida legislature has the power to prohibit Florida courts from recognizing confessions of judgment under the law of this state, it violates the full faith and credit clause by extending this prohibition to interfere with the laws of other states which allow the use of confessions of judgment. The courts of Florida cannot be empowered by the legislature to review the underlying cause of action when a person seeks to enforce a foreign judgment in this state. [Footnote omitted, emphasis in original.]
442 So.2d at 183.
Under facts analogous to the case before us, the Fourth District has recently held that Florida courts are bound by the full faith and credit clause to recognize a Nevada judgment based on bad checks written to cover gambling debts. GNLV Corp. v. Arthur Featherstone, 504 So.2d 63 (Fla. 4th DCA), review denied, Case No. 70,463 (Fla. Aug. 13, 1987). A public policy defense was rejected.
The other cases relied upon by the debtor and by the trial court, Young v. Sands, Inc., 122 So.2d 618 (Fla. 3d DCA 1960); Dorado Beach Hotel Corp. v. Jernigan, 202 So.2d 830 (Fla. 1st DCA 1967), dismissed, 209 So.2d 669 (Fla. 1968); and Barquin v. Flores, 459 So.2d 436 (Fla. 3d DCA 1984), are all inapposite here because they did not implicate the Full Faith and Credit Clause. In each of these cases the creditor sought to enforce the debt in Florida. These cases simply recognize that Florida courts are not bound to entertain an original action for the enforcement of a gambling obligation, although the debt arose in a state where gambling is legal. We reverse the trial court's order staying enforcement of the judgment and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] The creditor argues that the recent adoption of a constitutional amendment permitting a state-operated lottery indicates that Florida's public policy against gambling no longer exists. The term "public policy" has been described as a "very unruly horse, and when once you get astride it, you never know where it will carry you. As applied to a rule of law, it has reference to statutes which have for their purpose the regulation of personal conduct and relations in the public interest." Story, et al. v. First National Bank and Trust Co. in Orlando, 115 Fla. 436, 156 So. 101 (1934). Because of our determination that the Full Faith and Credit Clause of the United States Constitution requires the enforcement of this judgment, we need not get astride this unruly horse. But we would be remiss if we did not point out that the electorate has twice, in recent years, rejected a proposed constitutional amendment to permit casino gambling.
[2] Article IV, section 1 of the Constitution provides:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.
The Act of Congress enacted pursuant to the Clause, 28 U.S.C. section 1738, in part reads as follows:
The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
[3] The American Law Institute has codified the holding of Fauntleroy v. Lum, viz:

§ 117. Original Claim Contrary to Public Policy of State Where Enforcement of Judgment is Sought
A valid judgment rendered in one State of the United States will be recognized and enforced in a sister State even though the strong public policy of the latter State would have precluded recovery in its courts on the original claim.
RESTATEMENT (2D) CONFLICT OF LAWS § 117 (1971). Comment b to section 117 provides:
As between States of the United States, the rule of this Section is one of constitutional law. Provided that the judgment is valid (see § 92), full faith and credit requires that it be recognized and enforced in a sister State even though the original claim is contrary to the strong public policy of the sister State. Fauntleroy v. Lum, 210 U.S. 230 [28 S.Ct. 641, 52 L.Ed. 1039] (1908). This is a situation where no departure from the command of full faith and credit is permitted by the principles stated in § 103.
RESTATEMENT (2D) CONFLICT OF LAWS § 117, Comment b (1977). Other state courts have concluded that a judgment based on a gambling debt must be enforced, despite a strong local public policy expression disfavoring gambling. See Conquistador Hotel Corp. v. Fortino, 99 Wis.2d 16, 298 N.W.2d 236 (1980); Hilton International Co. v. Arace, 35 Conn. Supp. 522, 394 A.2d 739 (1977). See also FMS Management Systems, Inc. v. Thomas, 65 N.C. App. 561, 309 S.E.2d 697 (1983), aff'd. 310 N.C. 742, 314 S.E.2d 545 (1984) ("The Fauntleroy decision, ... `narrows almost to the vanishing point the area of state public policy relief from the mandate of the Full Faith and Credit Clause  at least so far as the judgments of sister states are concerned.'").
[4] The trial court relied on dictum in Pacific Employers Insurance Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939).