[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 21, 1993, NationsBank of Florida filed an application for prejudgment remedy in order to secure the sum of eight hundred thousand ($800,000) dollars by attaching the real property of Gladstone Young and/or Kai-Uwe M. Young (hereinafter "defendants")located in Danbury. The defendant Young and Stanley J. Smith (hereafter "partners") are or were general partners in an entity known as Interstate Shopping Center. This litigation CT Page 2993 arises out of the execution and delivery of a promissory note in the amount of one million three hundred thousand ($1,300,000) dollars to the plaintiff, together with a second promissory note in the amount of one hundred twenty-five thousand ($125,000) dollars. Young defaulted on the terms of both notes and after he became obligated to the plaintiff on those notes, he quit-claimed his interest in real property located at 16 Stone Street, Danbury to the defendant, Kai-Uwe M. Young, his son, for inadequate or no consideration.
On January 14, 1992, NationsBank obtained a judgment against the partnership and its general partners in the Circuit Court of the Seventh Judicial District in and for Volusia County, Florida, in the amount of one million three hundred seventy-nine thousand one hundred eight dollars and eighty-three ($1,379,108.83) cents, together with interest in the sum of one hundred forty-three thousand nine hundred dollars and ninety ($143,900.90) cents, for a total judgment of one million five hundred twenty-three thousand nine dollars and seventy-seven ($1,523,009.77) cents. The Florida judgment was partially satisfied in the amount of nine hundred forty thousand ($940,000) dollars[1] on May 26, 1993. There is an outstanding balance due of seven hundred eighteen thousand three hundred twenty-four dollars and eighty-nine ($718,324.89) cents, together with statutory interest. The transfer of the Danbury property to the defendant, Kai-Uwe M. Young, has been alleged to be a fraudulent transfer which was effectuated with the intent to hinder, delay or defraud the plaintiff.
At the hearing on the application, NationsBank introduced a certified copy of the complaint in the Florida action which reflects that the plaintiff asserted three separate counts against the defendants. Count one was an action for money damages on the June 23, 1987 promissory note; the second was for money damages on the November 12, 1987 promissory note; and the third was framed as a foreclosure of the mortgage on the defendants' shopping center. The final judgment rendered by the Circuit Court in Florida discloses that judgment was entered for the plaintiff on all three counts of its complaint. This court again heard argument on this matter, wherein both parties were directed to brief the issue of NationsBank's election of remedies, i.e., whether the plaintiff can seek a deficiency judgment in Connecticut when it had commenced an action for money damages and foreclosure in Florida which went to judgment. CT Page 2994
Prejudgment remedy may be generally defined as any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment, but shall not include a temporary restraining order. Section 52-278a(d) of the General Statutes; Fermont Division v. Smith, 178 Conn. 393, 398. A plaintiff seeking a prejudgment remedy does not have to establish that he will prevail, but need only establish that there is probable cause to sustain the validity of his claim. Dow Condon, Inc. v. Anderson, 203 Conn. 475, 479. The task of the trial court is essentially one of weighing probabilities and that task requires the exercise of broad discretion. McCahill v. Town Country Associates, Ltd., 185 Conn. 37, 39.
The plaintiff postulates that since this action was originally commenced in Florida upon property located in that state, Florida law applies in determining whether the plaintiff is within its right to proceed against Young in Connecticut on the outstanding Florida judgment. It continues on by asserting that since it did not request a deficiency judgment in its complaint in the Florida action, that it is within its right to bring this cause of action for the balance of the judgment in the amount of seven hundred eighteen thousand three hundred twenty-four dollars and eighty-nine ($718,324.89) cents, plus interest, under Florida law.
The defendants, in opposition, argue that by commencing a foreclosure action, NationsBank has elected that procedure as its sole remedy. They would bootstrap that argument by citing Connecticut law for the proposition that the commencement of a foreclosure judgment and reducing it to judgment would bar it from instituting any further action on the underlying debt in this forum.[2]
NationsBank seeks to enforce the Florida judgment pursuant to Sec. 52-604, et seq. of the General Statutes. A foreign judgment, as defined in Sec. 52-604 is a judgment, decree or order of a court of the United States or any other court which is entitled to full faith and credit in the state. Section 52-605
permits a creditor to file a foreign judgment in Connecticut in order for it to be enforced as if the judgment were rendered in this state. It is essential, however, that in order to be entitled to full faith and credit, the foreign judgment must be a CT Page 2995 final judgment. Harris v. Harris, 14 Conn. App. 384, 386-87; Hendrix v. Hendrix, 160 Conn. 98, 104-05.
Florida has a somewhat similar legislative fiat. In all suits for the foreclosure of mortgages heretofore or hereafter executed, the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court. The complainant, however, shall also have the right to sue at common law to recover such deficiency, provided no suit at law to recover such deficiency shall be maintained against the original mortgagor in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor. Florida Statutes, Sec. 702.06. On its face, the statute does give the complainant the right to maintain a suit at common law to recover a deficiency subject to the three circumstances previously set forth, i.e., where the mortgage was for the purchase price; the mortgagee is the purchaser at the foreclosure sale; and, also is granted a deficiency decree against the original mortgagor. Cooper v. Atlantic Federal Savings and Loan Association 238 A.2d 89, 90, 249 MD. 228 (1968).
Bearing this in mind, it is appropriate to note that the North Carolina courts have had the opportunity to address the question in a similar albeit not identical proceeding wherein a North Carolina general partnership, purchased two ten acre parcels of land in Florida from a Florida corporation, the plaintiff's predecessor. After executing and delivering a note to that predecessor, the defendants defaulted, and the plaintiff was subsequently awarded a final judgment of foreclosure in Florida. When the property was foreclosed, the plaintiff instituted an action for a deficiency judgment in that state and judgment was rendered in its favor. Five years later, the deficiency judgment outstanding, the plaintiff instituted a new and different action against the defendants in North Carolina where they resided. The trial court denied the defendants' motion for summary judgment, and granted the opposition's motion for judgment on the pleadings.
On appeal, the defendants argued that the trial court erred in denying their motion on the theory that the subject of the Florida judgment was against the policy of and could not have been maintained in a North Carolina court and cited Sec. 45-21.38 of the North Carolina statutes as their authority. The court, in CT Page 2996 addressing this hypothesis, distinguished between the validity of a North Carolina deficiency judgment and the validity in North Carolina of a Florida deficiency judgment, valid under Florida law. It cites Sec. 702.06. The Appellate Court, agreed with the trial court and stated that the "[p]laintiff's present action concerns the enforcement of a judgment already rendered, not a deficiency sought to be collected. Such judgment, valid and enforceable in Florida, is entitled to full faith and credit here." (Emphasis added.) FMS Management Systems, Inc. v. Thomas,309 S.E.2d 697, 698-700, 65 N.F. App. 561 (1983).
In the instant action, the plaintiff contends that its Florida judgment qualifies as a fully enforceable foreign judgment pursuant to Sec. 52-604. It is indeed significant to note that if the plaintiff was seeking to enforce its Florida judgment on the two notes in the present action, this court could and should recognize those judgments and accord them full faith and credit. However, NationsBank's nomenclature notwithstanding, it is requesting this court to enforce a deficiency judgment in a situation where one was never obtained, much less in Florida. The deficiency judgment the plaintiff seeks is reflected in James Ademy's affidavit which asserts that "[u]pon information and belief, as a result of the transfer of said Danbury Property to the defendant, Kai-Uwe M. Young, as aforesaid, the defendant, Gladstone Young, has been deprived of sufficient means to satisfy his indebtedness to the plaintiff, which has caused the plaintiff to incur economic damage and loss."[3] NationsBank has offered no evidence which would reflect that the subject mortgage was for the purchase price; that it was the purchaser at the foreclosure sale; and that it was granted a deficiency decree against the defendants to rebut any inference of it losing its right at common law to recover a deficiency under Sec. 702.06. In fact, NationsBank candidly admits in its memorandum in support that the statutory procedure for obtaining a deficiency was not considered much less pursued in the Florida action. On the contrary, rather than electing to proceed under the Florida statute, the decision was reached to litigate in Connecticut for money judgments on the notes with the proceeds of the foreclosure sale to apply in partial or full satisfaction of the money judgment. In order to be entitled full faith and credit, a foreign judgment must be a final judgment. Harris v. Harris, supra, 387. Therefore, in direct contrast to the plaintiff in FMS Management Systems, Inc. v. Thomas, supra, NationsBank in the present case has not been awarded a deficiency judgment in Florida thereby enabling it to avail itself of the full faith and credit in its enforcement CT Page 2997 here.
Therefore, the plaintiff's application for prejudgment remedy is, accordingly, denied.
Moraghan, J.