PHILLIPS FACTORS
CORPORATION, Plaintiff,

v.

HARBOR LANE OF PENSACOLA, INC., d/b/a the Harbor Lane Company of Pensacola, Inc., and Casual Interiors, Inc., and Gary T. Haddock, Individually and Gail J. Haddock, Individually, and Max R. Higgins, Individually, Defendants.

No. C-86-523-G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Dec. 17, 1986.

---

Frederick G. Sawyer of the firm of Wyatt, Early, Harris, Wheeler & Hauser, High Point, N.C., for plaintiff.

James M. Green, Jr. and David K. Rosenblutt of the firm of Morgan, Post, Herring, Morgan & Greene, High Point, N.C., for defendants Casual Interiors, Inc., Gary T. Haddock and Gail J. Haddock.

## MEMORANDUM OPINION
## AND ORDER

HIRAM H. WARD, Chief Judge.

This matter comes before the Court on plaintiff Phillips Factors Corporation's Mo-

tion For Summary Judgment (August 20, 1986) as to all defendants. Plaintiff's claims are based upon the following: a factoring and security agreement entered into with defendant Harbor Lane of Pensacola, Inc; guaranty agreements entered into with defendants Casual Interiors, Inc., Gary T. Haddock, and Gail J. Haddock; and a conditional stock purchase agreement executed by defendant Max R. Higgins.

The Court will deny plaintiff's motion with respect to Harbor Lane of Pensacola, Inc. [Harbor Lane] and Max R. Higgins [Higgins]. With respect to defendant's Casual Interiors, Inc., Gary T. Haddock, and Gail J. Haddock, the Court will partially grant plaintiff's motion on the issue of liability and reserve ruling on the issue of damages.

## FACTS

The procedural posture of the instant case merits a brief summary. Plaintiff filed its *verified* complaint on June 3, 1986. Defendants Harbor Lane and Higgins did not answer, nor otherwise defend, and have not appeared in this action. The Clerk of the United States District Court for the Middle District of North Carolina entered default against Harbor Lane and Higgins on July 9, 1986 and July 15, 1986, respectively. Neither Harbor Lane nor Higgins responded to plaintiff's motion for summary judgment.

In response to the complaint, defendants Casual Interiors, Inc., Gary T. Haddock, and Gail J. Haddock answered, denying liability. However, these same defendants have not responded to plaintiff's motion for summary judgment. Therefore, under Local Rule 203(i), plaintiff's motion as to these defendants will be treated as uncontested.

Turning to the substantive facts, the central transaction giving rise to the instant case is an agreement between plaintiff and Harbor Lane. Plaintiff and Harbor Lane entered into a factoring and security agreement [hereinafter factoring agreement] on or about July 30, 1984. The factoring

agreement created a complex relationship between plaintiff and Harbor Lane, but in essence was an agreement by plaintiff to investigate and approve Harbor Lane's credit customers. Further, plaintiff agreed to purchase approved accounts generated by Harbor Lane's credit sales and bear the risk of loss on the same. In return, plaintiff received commissions on accounts purchased and interest on funds employed. Additionally, Harbor Lane, to secure its obligations, granted plaintiff a security interest in accounts, goods, and other property.

Plaintiff contends that under the factoring agreement Harbor Lane is indebted to it in the amount of $14,704.89.[1] In addition, plaintiff contends that Harbor Lane breached the factoring agreement as it has not paid the alleged indebtedness.

Defendants Casual Interiors, Inc., Gary T. Haddock, and Gail J. Haddock [hereinafter collectively referred to as the guaranty defendants] entered into separate guaranty agreements with plaintiff in July of 1984. The guaranty defendants each promised unconditionally to guarantee all the obligations of Harbor Lane to plaintiff including costs and attorney's fees. Plaintiff contends that the guaranty defendants are liable on their contracts as Harbor Lane's debt is due and payable but has not been paid.

Regarding defendant Higgins, plaintiff contends that Higgins executed a conditional stock purchase agreement whereby he assumed all present and future indebtedness of Harbor Lane. Plaintiff contends that it is a third party beneficiary of the conditional stock purchase agreement.

## DISCUSSION

### I. *Defendants—Harbor Lane of Pensacola, Inc. and Max R. Higgins*

■ As stated above, Harbor Lane has neither answered, otherwise defended, nor appeared in this lawsuit. The Clerk of Court made entry of default against Harbor Lane on July 9, 1986. Plaintiff has not applied to the Court for a default judgment under Fed.R.Civ.P. 55(b)(2);[2] but instead, has moved for summary judgment as to all defendants including Harbor Lane. Thus, the Court is faced with the issue of whether default or summary judgment procedure is appropriate under the procedural facts related to Harbor Lane.

A default judgment and a summary judgment are two very different types of judgments. If a court has personal jurisdiction over a defendant and the defendant fails to appear, a default judgment may be rendered against him.[3] In an action in which the defendant defaults, the well pled allegations of the complaint as to liability are established. However, they are not litigated but established by default. "Judgment by default commands the full. effects of claim and defense preclusion[;] but, [j]udgment by default ... does *not* warrant *issue* preclusion for the very reason that the issues have not been litigated or decided." 18 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4442, at 373 (1981) [hereinafter *Federal Practice and Procedure* ].[4]

On the other hand, "summary judgments that rest on the lack of any genuine issue of material fact going to the merits of claim or defense," invoke both *claim* and *issue* preclusion. 18 *Federal Practice and*

---

1. Plaintiff originally alleged the debt was $15,-477.61. (Plaintiff's Complaint, First Cause of Action ¶ 12). However, because of subsequent credits and returns of goods, plaintiff now alleges the debt to be $14,704.89. (Affdiavit of Robert C. Neibauer ¶ 2 (August 20, 1986)); (Brief in Support of Plaintiff's Motion for Summary Judgment as to All Defendants at 3 (August 20, 1986)).

2. A default judgment, if appropriate, should be entered by the Court in this case. However, the

Court at this time is not in a position to determine whether a default hearing on damages will be required.

3. Of course other bases for a default judgment are recognized.

4. The statement of preclusion rules for default judgments may be easier than their application in many cases. 18 *Federal Practice and Procedure* § 4442, at 373.

*Procedure* § 4444, at 391. The styling of a decision as a summary judgment may not give increased preclusive effect to a judgment if summary judgment was an inapt procedural vehicle for the judgment. *Id.* at 392.

The Court concludes that as to Harbor Lane the appropriate procedure for plaintiff to follow is a default judgment pursuant to Fed.R.Civ.P. 55(b)(2). Summary judgment would be an inapt procedural vehicle because with respect to Harbor Lane issues have not been actually litigated but established by default from the defendant's failure to appear. Therefore, plaintiff's motion for summary judgment as to Harbor Lane will be denied.

Max R. Higgins also failed to appear in the instant action in response to plaintiff's complaint and summons.[5] The Clerk of Court entered Higgins' default on July 15, 1986. As with Harbor Lane, plaintiff has not applied for a default judgment but has moved for summary judgment against Higgins. For the reasons discussed above, plaintiff's appropriate avenue of relief is to pursue a default judgment against Higgins, not summary judgment. Therefore, plaintiff's motion for summary judgment as to Higgins will be denied. The Court notes that for plaintiff to obtain a default judgment with respect to Higgins, it must comply with Title 50, U.S.C. Appendix Section 520. *See also* 10 Wright, Miller, & Kane *Federal Practice and Procedure* § 2691, at 461 (1983).

II. *Defendants—Casual Interiors, Inc., Gary T. Haddock, and Gail J. Haddock*

Regarding the guaranty defendants, summary judgment is an apt procedural device as they have appeared and answered. Summary judgment is proper when it appears " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " 10 Wright, Miller, & Kane *Federal Practice and Procedure* § 2716, at 643 (1983) (quoting Rule 56(c)); *Smith v. University of North Carolina*, 632 F.2d 316, 338 (4th Cir.1980). The movant for summary judgment has the burden of showing the grounds for summary judgment. *See* 10A Wright, Miller, & Kane *Federal Practice and Procedure* § 2727 (1983). Thus, for plaintiff to prevail on its motion for summary judgment against the guaranty defendants, the record must establish all the essential elements of plaintiff's sixth claim [6] to the extent that no genuine issue of fact remains regarding the essential elements.

However, when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). Plaintiff relies on its *verified* complaint and the affidavit of Robert C. Niebauer in support of its motion; defendant has not responded in any manner to plaintiff's motion.

Plaintiff's sixth claim alleges that the guaranty defendants breached their respective guaranty contracts. "A guaranty is a promise to answer for the payment of a debt or the performance of some duty in the event of the failure of another person who is himself primarily liable for such payment or performance." *Branch Banking and Trust Co. v. Creasy*, 301 N.C. 76, 80, 269 S.E.2d 117, 122 (1980) (citing *O'Grady v. First Union Nat'l Bank*, 296 N.C. 212, 250 S.E.2d 587 (1978)). The default of the one primarily liable triggers the guarantor's duty of performance on the obligation. *Id.* A guaranty of *payment,*

---

5. The Court notes that although Max R. Higgins did not personally sign the return receipt, plaintiff has complied with N.C.R.Civ.P. 4(j)(1)(c) and 4(j2)(2) and N.C.Gen.Stat. 1–75.10(4); therefore, raising the rebuttable presumption that

M.M. Johnson was the agent of Max R. Higgins for the purposes of service.

6. Only plaintiff's sixth claim is directed to the guaranty defendants.

as distinguished from a guaranty of *collection,* is an absolute promise by the guarantor to pay the debt when due if it is not paid by the principal debtor. *EAC v. Credit Corp. v. Wilson,* 281 N.C. 140, 142, 187 S.E.2d 752, 755 (1972). Upon default by a primary obligor, a guaranty of payment enables a creditor to collect the debt from the guarantor without obtaining a judgment against the obligor. *See American Bank and Trust Co. v. Elzey,* 26 N.C.App. 29, 30, 214 S.E.2d 800, 802, *cert. denied,* 688 N.C. 252, 217 S.E.2d 662 (1975).

■ Regarding the instant case, the parties do not dispute that an enforceable guaranty of *payment* agreement exists between plaintiff and each of the guaranty defendants. (Plaintiff's Complaint, First Cause of Action ¶¶ 8–10); (Defendants' Answer ¶¶ 8–10). The guaranty agreements guarantee all the obligations of Harbor Lane to plaintiff. Additionally, plaintiff's verified complaint and the affidavit of Mr. Niebauer state that Harbor Lane is indebted to plaintiff upon an account stated and that the indebtedness has not been paid after plaintiff's demand therefor. (Plaintiff's Complaint, First Cause of Action ¶ 12); (Affidavit of Robert C. Niebauer ¶ 2). Defendants do not dispute this with any evidence of record. Thus, the guaranty defendants duties of performance have arisen under their respective guaranty contracts.

The guaranty defendants have failed and refused to pay Harbor Lane's debt to plaintiff therefore breaching their respective guaranty contracts with plaintiff. (Plaintiff's Complaint, First Cause of Action ¶ 13). Defendants' breaches have proximately injured plaintiff as Harbor Lane's indebtedness has not been discharged. Therefore, the record establishes that no genuine issue of material fact exists regarding the *liability* of the guaranty defendants to plaintiff for the debt of Harbor Lane. Thus, plaintiff is entitled to judgment as a matter of law on the liability issue of the sixth claim with respect to the guaranty defendants.

Regarding the amount of damages, the Court notes that the amount owed by Harbor Lane to plaintiff is yet to be determined pursuant to default procedure. The Court believes that the most accurate assessment of damages owed by the guaranty defendants can be made after the final determination of Harbor Lane's indebtedness. Therefore, the Court will reserve ruling on the damage issue as to the guaranty defendants until the extent of Harbor Lane's liability has been established.

IT IS, THEREFORE, ORDERED that plaintiff's motion for summary judgment with respect to Harbor Lane and Higgins in all respects be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment with respect to Casual Interiors, Inc., Gary T. Haddock, and Gail J. Haddock be, and the same hereby is, PARTIALLY GRANTED to the extent that liability of the said defendants is established under plaintiff's sixth cause of action.