N.C. Dep't of State Treasurer v. The Bank of New York Mellon, 2012 NCBC 54.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 3920

NORTH CAROLINA DEPARTMENT OF )
STATE TREASURER, )
     Plaintiff )
             )
             )
     v. )
             )
THE BANK OF NEW YORK MELLON and )
THE BANK OF NEW YORK MELLON )
CORPORATION, )
     Defendants )

**OPINION AND ORDER ON
CROSS MOTIONS
FOR JUDGMENT ON THE
PLEADINGS**

   THIS MATTER is before the court on Defendants' Motion for Judgment on the

Pleadings ("Defendants' Motion") and Plaintiff's Motion for Partial Judgment on the

Pleadings ("Plaintiff's Motion") (collectively, "Cross Motions").

   THE COURT, having considered the Cross Motions, briefs and arguments in

support of and in opposition to the Cross Motions, arguments of counsel and other

appropriate matters of record, CONCLUDES that the Cross Motions should be DENIED,

for the reasons discussed below in this Opinion and Order.

   *Attorney General Roy Cooper, Esq. by Special Deputy Attorney General I.
   Faison Hicks, Esq. for Plaintiff.*

   *Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP by J. Mitchell
   Armbruster, Esq. and Carl N. Patterson, Jr., Esq. for Plaintiff.*

   *McGuireWoods, LLP by Douglas W. Ey, Jr., Esq. and Amy R. Worley, Esq. for
   Defendants.*

Jolly, Judge.

FACTUAL BACKGROUND

Among other things, the pleadings establish the following facts:

[1]     On January 1, 2004, Plaintiff North Carolina Department of State Treasurer and The Bank of New York[1] entered into a Contract for Custodial and Securities Lending Services for Treasurer of the State of North Carolina Accounts ("Agreement").[2]

[2]     The Agreement provided, in pertinent part, that Defendants would serve as securities lending agent for Plaintiff.[3]  As securities lending agent, Defendants lent securities owned by Plaintiff to qualified borrowers in exchange for cash collateral.[4] Pursuant to the Agreement, Defendants then invested the cash collateral received from borrowers for the benefit of Plaintiff.[5]  The Agreement gave Defendants authority to invest the cash collateral in accordance with a list of "Approved Investments for Cash Collateral," which was attached to the Agreement.[6]  The approved-investment list authorized, *inter alia*, the purchase of securities bearing an "A" rating only if the maturity period of the "A"-rated security was "no longer than two years."[7]  Any investment not meeting this criteria was unauthorized under the Agreement.

---

[1] The Bank of New York Mellon was formerly known as The Bank of New York.  On July 1, 2007, The Bank of New York and Mellon Financial Corporation merged into The Bank of New York Mellon, with The Bank of New York Mellon being the surviving entity.  The Bank of New York Mellon Corporation is a holding company and a separate and distinct legal entity from The Bank of New York Mellon.  As such, Defendants contend that The Bank of New York Mellon Corporation is not a proper party to this suit. Plaintiff contends that The Bank of New York Mellon Corporation is a proper successor in interest to The Bank of New York.  For purposes of addressing the Cross Motions, the court will refer to the named defendants as "Defendants."  However, this should not be construed as a determination by the court that The Bank of New York Mellon Corporation is a proper party to the present action.
[2] Compl. ¶ 18; Answer ¶ 1.
[3] Answer ¶ 14.
[4] *Id.*
[5] *Id.*
[6] Compl. ¶ 20.
[7] *Id.*, Ex. A.

[3]     The Agreement included an indemnification provision under which Defendants agreed to reimburse Plaintiff for any losses "arising from or connected with" any unauthorized investment.[8]

[4]     On December 21, 2006, Defendants purchased a $95,000,000 Lehman Brothers, Inc. issue ("Lehman Note"), using funds from Plaintiff's securities lending account.[9]  The maturity date of the Lehman Note was December 23, 2008,[10] and it was "A" rated.[11]

[5]     In September of 2008, Lehman Brothers, Inc. ("Lehman") filed for bankruptcy.  Following Lehman's bankruptcy, the value of the Lehman Note materially declined.[12]

## PLAINTIFF'S CLAIMS

[6]     On March 15, 2012, Plaintiff brought the present action against Defendants.  Plaintiff asserts claims ("Claim(s)") for breach of contract and breaches of fiduciary duty.  Plaintiff seeks actual damages with statutory interest, punitive damages and attorneys' fees.

## Contract Claim

[7]     The crux of Plaintiff's breach of contract claim is that Defendants breached the Agreement in three ways.  First, Plaintiff contends that because the Lehman Note was "A" rated but had a maturity period of two years and two days, the initial purchase of the Lehman Note was an unauthorized investment.  Second, Plaintiff alleges that because the purchase of the Lehman Note was unauthorized, Defendants further

---

[8] *Id.*
[9] *Id.* ¶ 26.
[10] *Id.* ¶ 29.
[11] *Id.* ¶ 30.
[12] *Id.* ¶¶ 34-35.

breached the Agreement by failing to reimburse Plaintiff for losses on the Lehman Note. Third, Plaintiff contends that Defendants breached the Agreement by failing to sell the Lehman Note when Defendants discovered that the financial health of Lehman was deteriorating.[13]

Fiduciary Duty Claim

[8]     As to its claims for breach of fiduciary duty, Plaintiff alleges that a fiduciary relationship existed, and continues to exist, between the parties as a result of a principal/agent relationship, the entrustment of Defendants with the management of Plaintiff's securities lending account and the broad discretion given to Defendants to make investments on Plaintiff's behalf.[14]

[9]     Plaintiff alleges Defendants breached the fiduciary duty owed to Plaintiff by (a) purchasing the Lehman Note; (b) failing to advise Plaintiff that the Lehman Note was not an authorized investment; (c) failing to sell the Lehman Note as soon as possible after realizing it was an unauthorized investment; (d) representing to Plaintiff that the purchase of the Lehman Note complied with the Agreement's investment guidelines; (e) failing to disclose information sufficient to reveal that the Lehman Note was an unauthorized investment; (f) failing to sell the Lehman Note prior to Lehman's bankruptcy when Defendants knew or should have known that Lehman's financial stability was deteriorating; (g) failing to act solely in the best interest of Plaintiff and acting instead to protect Defendants' own interests and (h) holding an excessive

---

[13] *Id.* ¶¶ 55-63.
[14] *Id.* ¶ 65.

concentration of Lehman Notes for itself and its clients, thereby creating a conflict of interest between Plaintiff and Defendants.[15]

THE CROSS MOTIONS

[10]    Defendants' Motion was filed on June 19, 2012.  It seeks judgment of dismissal on the pleadings as to all Claims, pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure ("Rule(s)").  In support of Defendants' Motion, Defendants argue that (a) there was no breach of the Agreement because the Lehman Note was marketed, rated and generally understood within the investment community as being a two-year note and thus was in compliance with the approved-investment list; (b) any loss on the Lehman Note was caused by Lehman's bankruptcy rather than the fact that the maturity period for the Lehman Note exceeded two years by two days, and thus Plaintiff cannot show that the alleged breach was the proximate cause of losses on the Lehman Note; (c) no fiduciary duty existed between the parties; (d) any breach of fiduciary duty claim is barred by the economic loss rule and (e) The Bank of New York Mellon Corporation is not a proper party to this litigation as it is a separate and distinct legal entity from The Bank of New York Mellon.[16]

[11]    Plaintiff's Motion was filed on July 13, 2012.  It seeks judgment on the pleadings in favor of Plaintiff as to its Claim for breach of contract, pursuant to Rule 12(c).  In support of Plaintiff's Motion, Plaintiff argues that (a) Defendants admit that the Lehman Note was "A" rated and had a maturity period exceeding two years, (b) the Agreement provided that Defendants would reimburse Plaintiff for any losses resulting

---

[15] *Id.* ¶ 69.
[16] Def. Memo. Supp. Mot. J. Pleads.

from unauthorized investments and (c) Plaintiff suffered losses as a result of Defendants' unauthorized investment.[17]

Discussion

[12]    The standard of review for a Rule 12(c) motion is the same as the standard of review for a motion to dismiss under Rule 12(b)(6). *A-1 Pavement Marking, LLC v. APMI Corp.*, 2008 NCBC 13 ¶ 35 (N.C. Super. Ct. Aug. 4, 2008). To prevail on a Rule 12(c) motion, the movant must show that on the face of the pleadings no material issue of fact exists and that the movant is entitled to judgment in his or her favor. *Ragsdale v. Kennedy*, 286 N.C. 130, 137 (1974). "In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party." *Am. Bank & Trust Co. v. Elzey*, 26 N.C. App. 29, 31 (1975). In deciding the motion, the court can consider documents referred to in or attached to the pleadings. *Reese v. Mecklenburg Cnty.*, 200 N.C. App. 491, 497 (2009). "The rule's function is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit." *Ragsdale*, 286 N.C. at 137. A Rule 12(c) motion for judgment of dismissal should be denied "unless it is clear that plaintiff is not entitled to any relief under any statement of the facts." *Praxair, Inc. v. Airgas, Inc.*, 1999 NCBC 5 ¶ 5 (N.C. Super. Ct. May 26, 1999). Where "the Court also can construe the plain and unambiguous language of a contract to determine if it has been breached, judgment on the pleadings may be appropriate." *Id.*

---

[17] Pl. Memo. Supp. Mot. J. Pleads.

<u>Defendants' Motion</u>

[13]    Viewing the facts and allegations in the light most favorable to Plaintiff, the court cannot conclude that Defendants are entitled to judgment as a matter of law as to Plaintiff's breach of contract Claim.  Plaintiff properly has alleged the existence of a contract, a breach of the contract and damages proximately resulting therefrom. Accordingly, Plaintiff's pleadings are sufficient to survive a Rule 12(c) motion.  Further, whether (a) the Lehman Note was a two-year note, (b) its purchase was authorized by the Agreement and (c) any losses suffered by Plaintiff were proximately caused by the alleged breach, raise material factual issues not appropriately resolved at this stage of the proceedings.

[14]    Plaintiff also has alleged sufficient facts to support its contention that Defendants owed a fiduciary duty to Plaintiff and that this fiduciary duty was breached. Based upon the pleadings, the court cannot conclude as a matter of law that no fiduciary duty was owed to Plaintiff by Defendants.  It is settled that "[g]enerally, the existence of a fiduciary relationship is determined by specific facts and circumstances, and is thus a question of fact for the jury." *Stamm v. Salomon*, 144 N.C. App. 672, 680 (2001).

[15]    Defendants contend that any claim for breach of fiduciary duty is barred by the economic loss rule.  The court, however, cannot conclude as a matter of law that the economic loss rule bars any claim for breach of fiduciary duty based on the facts alleged in the Complaint.

[16]    Lastly, there are insufficient facts alleged in the pleadings for the court to make a determination as a matter of law with regard to the issue of whether The Bank

of New York Mellon Corporation is a proper party to this litigation. Resolution of this issue therefore is not appropriate under Rule 12(c).

[17]    Accordingly, Defendants' Motion should be DENIED.

<u>Plaintiff's Motion</u>

[18]    For many of the same reasons, the court concludes that Plaintiff is not entitled to judgment on the pleadings as to its Claim for breach of contract. Viewing the facts alleged in the light most favorable to Defendants, the court concludes that the pleadings raise material factual issues as to such Claim, including whether (a) the Lehman Note was a two-year note, (b) its purchase was authorized by the Agreement and (c) any losses suffered by Plaintiff were proximately caused by the alleged breach.

[19]    Accordingly, Plaintiff's Motion should be DENIED.

NOW THEREFORE, based upon the foregoing CONCLUSIONS, it hereby is ORDERED that:

[20]    Defendants' Motion for Judgment on the Pleadings is DENIED.

[21]    Plaintiff's Motion for Partial Judgment on the Pleadings is DENIED.

This the 31st day of October, 2012.