442 So.2d 182 (1983)
Carl T. TRAUGER, et al., Appellants,
v.
A.J. SPAGNOL LUMBER COMPANY, INC., Appellee.
No. 63130.
Supreme Court of Florida.
November 10, 1983.
Rehearing Denied January 16, 1984.
Julian R. Benjamin of Therrel, Baisden, Stanton, Wood and Setlin, Miami Beach, for appellants.
Robert B. Dunckel of Adler, Tolar & Adler, Fort Lauderdale, for appellee.
OVERTON, Justice.
This is an appeal from the decision of the Fourth District Court of Appeal in A.J. Spagnol Lumber Co. v. Trauger, 423 So.2d 956 (Fla. 4th DCA 1982), which held that section 55.05, Florida Statutes (1977),[1] violates the full faith and credit clause of the United States Constitution[2] to the extent that it prohibits enforcement of a foreign confessed judgment. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm the decision of the district court.
The facts reflect that appellee, Spagnol, furnished building supplies on credit to appellant, *183 Trauger. Payment for these commercial transactions was secured by a series of promissory notes which, consistent with Pennsylvania law, Pa. Stat. Ann. tit. 12, § 739 (Purdon 1957), contained cognovit provisions authorizing confession of judgment in the event of default on the notes. Trauger defaulted, and Spagnol secured a final judgment against him in a Pennsylvania court. Trauger left Pennsylvania before the judgment could be enforced, going first to Puerto Rico and eventually coming to this state. When Spagnol located Trauger, it filed a Florida action to enforce the Pennsylvania judgment. Trauger answered and asserted as an affirmative defense that the Pennsylvania judgment was null and void under section 55.05 because it was based on a confession of judgment and, consequently, was secured without personal service.
The trial court found merit in Trauger's affirmative defense and, in a judgment on the pleadings, held that the judgment sought to be enforced was void in this state. The district court reversed, concluding in a thorough opinion that the legislature intended section 55.05 to operate to forbid confessions of judgment in Florida and to prohibit Florida courts from enforcing foreign judgments based on confessions of judgment. The district court held that the portion of the statute applying to foreign judgments was unconstitutional under both Florida and federal case law construing the full faith and credit clause of the United States Constitution. We agree.
The full faith and credit clause is part of an intricate constitutional scheme to weld the states of this country into a strong union. As expressed by the United States Supreme Court in Milwaukee County v. M.E. White Co., 296 U.S. 268, 276-77, 56 S.Ct. 229, 234, 80 L.Ed. 220 (1935):
The very purpose of the full faith and credit clause was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin. That purpose ought not lightly to be set aside out of deference to a local policy which, if it exists, would seem to be too trivial to merit serious consideration when weighed against the policy of the constitutional provision and the interest of the state whose judgment is challenged.
The clause requires each state to recognize the judgments obtained in courts of sister states in order to prevent one state from selectively enforcing the laws of the others. Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947). The full faith and credit clause does not, however, protect a judgment which was entered by a court that did not have personal or subject matter jurisdiction in the action, Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940), or where the judgment has been paid, discharged, or procured by fraud. Milwaukee County.
Trauger contends that this judgment, which he concedes is proper under the laws of Pennsylvania and constitutional under the United States Constitution,[3] should be denied full faith and credit because a judgment based on a confession of judgment is contrary to the public policy of the State of Florida, as expressed in section 55.05. An action to recover on a foreign judgment is completely independent from the original cause of action. It is the judgment from the other state which forms the basis for the cause of action, and the validity of the claim on which the foreign judgment was entered is not open to inquiry. Milliken. Although the Florida legislature has the power to prohibit Florida courts from recognizing confessions of judgment under the law of this state, it violates the full faith and credit clause by extending this prohibition to interfere with the laws of other states which allow the use of confessions of judgment. The courts of *184 Florida cannot be empowered by the legislature to review the underlying cause of action when a person seeks to enforce a foreign judgment in this state.
Trauger's counsel conceded in oral argument that Spagnol's judgment was properly entered in Pennsylvania under the laws of that state, that the Pennsylvania court had jurisdiction of the original cause, that the judgment has not been satisfied or discharged, and that the judgment was not obtained by fraudulent means. The State of Florida, therefore, is obligated under the full faith and credit clause to provide a proper process to enforce this judgment. Section 55.05, to the extent it would declare this foreign judgment void in Florida, is unconstitutional, and we affirm the decision of the Fourth District Court of Appeal.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs specially with an opinion.
ADKINS, Justice, specially concurring.
While I agree with the majority that section 55.05, Florida Statutes, is unconstitutional to the extent that it would prevent the Pennsylvania judgment from receiving full faith and credit, I must take exception with the broad statement that all foreign judgments rendered by a court with personal and subject matter jurisdiction which have not been paid, discharged, or procured by fraud must be given full faith and credit. The United States Supreme Court has long recognized that there may be exceptions to the requirement that a foreign judgment must be given full faith and credit when to do so would violate the policies of the forum state. See, e.g., Pacific Employers Insurance Co. v. Industrial Accident Commission, 306 U.S. 493, 502, 59 S.Ct. 629, 633, 83 L.Ed. 940 (1939), and cases cited therein. The Milwaukee County decision cited by the majority recognized that exceptions to full faith and credit exist, 296 U.S. at 272-73, 56 S.Ct. at 231-32, and the decision did not stand for the proposition that all foreign judgments must receive full faith and credit so much as it held that, in particular circumstances presented, the policies of the forum state were not so strong as to justify an exception to full faith and credit.
While exceptions to full faith and credit do exist, they have met, however, with little approval from the Supreme Court. Williams v. North Carolina, 317 U.S. 287, 294-95, 63 S.Ct. 207, 210-212, 87 L.Ed. 279 (1942); see also Thomas v. Washington Gas Light Co., 448 U.S. 261, 295, 100 S.Ct. 2647, 2668, 65 L.Ed.2d 757 (1980) (Rehnquist, J., dissenting). In the interests of federal unity and respect for sister states, foreign judgments are to be accorded full faith and credit in almost every instance. In the case of a foreign money judgment upon a civil suit, such as the Pennsylvania judgment at issue here, the Supreme Court has indicated on several occasions that rarely, if ever, would an exception to full faith and credit be recognized. E.g., Morris v. Jones, 329 U.S. 545, 553, 67 S.Ct. 451, 457, 91 L.Ed. 488 (1947); Milwaukee County, 296 U.S. at 276, 56 S.Ct. at 233. The language of these decisions, when coupled with the fact that the judgment at issue was validly rendered under the laws of Pennsylvania and the United States, leads to the conclusion that the State of Florida's policy against confessed judgments is not so strong as to warrant an exception to the requirement of full faith and credit. For these reasons, I concur in the result reached in the majority opinion.
NOTES
[1] Section 55.05 provides:

All powers of attorney for confessing or suffering judgment to pass by default or otherwise, and all general releases of error, heretofore made or to be made hereafter by any person whatsoever within or without this state, before such action brought, shall be absolutely null and void.
[2] Art. IV, § 1, United States Constitution.
[3] See D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972).