JOANOS, Judge.
Stern appeals from a final judgment granting appellee’s motion for directed verdict and dismissing, with prejudice, his ac *42 tion to have full faith and credit given to a Georgia judgment. We reverse.
The trial court's dismissal was based upon the unavailability of one of the parties, Eagle Marine, Inc. of Miami. Eagle Marine, Inc. of Miami had been involuntarily dissolved by Florida’s Secretary of State more than three years prior to Stern’s filing his complaint in Florida.[1]
Florida courts are bound to recognize and give full faith and credit to a properly authenticated judgment or decree rendered by a sister state. U.S. Const, art. IV, § 1. The judgment or decree from the other state forms the basis for the cause of action, and the validity of the claim upon which the foreign judgment was entered is not open to inquiry. Trauger v. A.J. Spagnol Lumber Company, Inc., 442 So.2d 182 (Fla.1983).
We are unpersuaded by Stern’s argument that the Georgia judgment is against appellees jointly and severally, thereby readily allowing a cause of action against less than all of the obligors. Judgments are to be interpreted so as to effectuate their intended purpose and construed in light of the entire record. “[T]he legal effect, rather than the mere language used, governs the construction of a judgment.” Boynton v. Canal Authority, 311 So.2d 412 (Fla. 1st DCA 1975). In the absence of the Georgia trial record, we have considered the language of the trial court’s judgment[2] and the consideration and interpretation of the Georgia appellate court in affirming the judgment[3] to conclude that the Georgia judgment imposed joint liability upon appellees.
At common law, if one of the joint obli-gors died before the joint obligation was discharged, the surviving obligors alone could be sued. Corlett v. Oliver, 107 Fla. 403, 144 So. 877 (1932); Phillippi Creek Homes, Inc. v. Arnold, 174 So.2d 552 (Fla. 2nd DCA 1965). We see no reason to make a distinction between a deceased joint obli-gor and a “dead” corporation.[4] Stern’s common law right to collect from the surviving joint obligors would not be extinguished, as appellees argue, by his inability to maintain an action against a “dead” obligor. We, therefore, reverse for this reason.
*43 The trial court’s final judgment of dismissal is reversed and this cause is remanded with the previously issued order of partial summary judgment reinstated.
WIGGINTON and NIMMONS, JJ., concur.

. Section 607.297, Fla.Stat. provides:
607.297 Survival of remedy after dissolution. — The dissolution of a corporation either:
(1) By the issuance of a certificate of dissolution by the Department of State;
(2) By a decree of court; or
(3) By expiration of its period of duration shall not take away or impair any remedy available to or against such corporation or its directors, officers, ■ or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of 3 years so as to extend its period of duration.

.The Georgia trial court’s final judgment provided:
That Plaintiff [Stern] recover against the Defendants, NORMAN DEJONG, individually and as President and Director of Eagle Marine, Inc. of Jacksonville, Eagle Marine, Inc. of Miami, Eagle Marine, Inc. of Savannah, and Eagle Marine, Inc. of Savannah, Eagle Marine, Inc. of Jacksonville, and Eagle Marine, Inc, of Miami, in the sum of 138,011.16, plus interest and costs of this action.

. The Georgia appellate court stated:
[T]he evidence showed that DeJong was the sole or majority stockholder of all the Eagle Marine corporations. Moreover, the record is replete with evidence showing that DeJong operated these corporations interchangeably as if they were one. Therefore, the evidence did not demand a verdict in favor of any one, individual corporate appellant.

. In Bahl v. Fernandina Contractors, Inc., 423 So.2d 964 (Fla. 1st DCA 1982), we concluded that the common law precluded legal action against a corporation which had been dissolved more than three years before the cause of action arose.