519 So.2d 1048 (1988)
N & C PROPERTIES, Appellant,
v.
VANGUARD BANK AND TRUST COMPANY, Appellee.
No. BT-121.
District Court of Appeal of Florida, First District.
January 22, 1988.
Rehearing Denied March 4, 1988.
*1049 Douglas A. Hutcheson, of Douglas A. Hutcheson, P.A., Mary Esther, for appellant.
Richard H. Powell, of Richard H. Powell, P.A., and Bobby L. Whitney, Jr., of Chesser, Wingard, Barr & Townsend, Ft. Walton, for appellee.
JOANOS, Judge.
N & C Properties appeals from a final judgment which, among other things, determined that an Alabama order rendered against it was a final judgment, and which ordered the distribution of some assets that had been in escrow. Appellant raises the following issues, partially restated, for our review: I. Whether the trial court erred by granting interpleader and distributing the interplead assets all in one hearing without crossclaims or counterclaims being filed; *1050 II. Whether the trial court erred by determining that proper notice of a final hearing was given of all issues including both stages of interpleader, and on a separate case not yet consolidated; III. Whether the trial court erred by ruling that the assignee of proceeds held in escrow was not an indispensable party to an interpleader action on those proceeds; IV. Whether the trial court erred by requiring appellant to post a bond in Florida after posting a bond in the state of Alabama; and V. Whether the trial court erred by allowing the buyers to seek recovery of their escrow money through the Florida courts after they had pursued a money judgment for the same funds in the state of Alabama. We affirm on all points.
Appellant, N & C Properties, is a joint venture consisting of a Florida corporation and an Alabama corporation. Appellee, Vanguard Bank and Trust Company will be referred to as "escrow agent," and Donald L. and Kathy D. Johnson, Alton O. Foster, and Charles D. Pritchard shall be referred to jointly as "buyers."
This case involves the preconstruction purchase of condominium units located in Okaloosa County, Florida. Buyers signed purchase agreements and made deposits on various units of the condominium complex being developed by N & C. The buyers contracted with N & C to buy three units and deposited $88,320.00 in letters of credit, which were placed with the escrow agent pursuant to an escrow agreement. Buyers are all residents of Alabama.
Buyers began legal proceedings in Alabama to void their contracts pursuant to section 718.503 and section 718.202, Florida Statutes, which allow a contract to be voided where the purchasers are not provided with condominium documents. On June 20, 1986, the Alabama court granted buyers' motion for summary judgment, rescinded the purchase agreements between the parties and awarded money judgments in an amount equal to all funds paid under the letters of credit. The developer, appellant, appealed the Alabama trial court's decision but did not obtain a supersedeas bond.
The buyers filed suit in Florida, seeking to make their Alabama judgment a Florida judgment and to execute on it. N & C filed a petition to stay enforcement of the foreign judgment, pursuant to section 55.509, Florida Statutes. The escrow agent that was holding the deposits, filed an action in interpleader in the Circuit Court of Okaloosa County, joining N & C and buyers as defendants.
The trial court denied N & C's motion to dismiss the interpleader proceeding, finding that interpleader was proper. The interpleader action was then set for final hearing. All parties filed a stipulation that both cases should be consolidated.
On February 2, 1987, after the final hearing, the court in its order found that the escrow agent was entitled to interplead and be discharged from further liability, and that the buyers were entitled to the funds held in escrow. Pursuant to a written stipulation of all parties, the court granted N & C's motion to consolidate both cases. Also, the court denied N & C's motion to dismiss, ordered the escrow agent to deposit its escrow funds into the registry of the court, and ordered the clerk to disburse the funds to the buyers. The trial court also denied N & C's petition to stay enforcement of the Alabama judgment, and enjoined both N & C and buyers from instituting any further actions concerning the escrow fund. Finally, the trial court ordered that the foreign judgment be recorded in the Official Records Book, "for which let execution issue." Thereafter, N & C filed a supersedeas bond before the Alabama court in the Alabama proceedings. Later the trial court denied N & C's motion for rehearing and required N & C to provide a supersedeas bond in the Florida proceedings during the appeal. N & C obtained the supersedeas bond and appealed.
N & C correctly asserts that interpleader is a two stage "action." However, there is no rule that demands two separate proceedings be held to complete an interpleader action. The first stage is a determination as to the propriety of the interpleader. If the stakeholder has no interest in the fund and no independent *1051 liability is asserted against him, an order of interpleader must be entered. Trawick, Jr., H., Trawick's Florida Practice and Procedure, § 37-11, (1986). Further, as the buyers contend, the record reveals that the trial judge first determined that interpleader was proper when he considered the buyers' and N & C's motions to dismiss the interpleader action. The trial court denied both motions.
In the second stage of interpleader the defending parties usually litigate their claims to the escrow assets by crossclaims among themselves. However, given the circumstances of this case, where a sister state has already determined which of the parties in the suit is entitled to the escrowed funds, the counterclaim and cross claim requirements are moot. The Alabama judgment rescinded the contracts between the buyers and N & C, because N & C did not comply with prospectus and disclosure requirements, and controlled the disbursement of the escrow assets. This ruling was consistent with Florida condominium law, where, as buyers contend, if a buyer properly terminates the contract pursuant to its terms or the chapter, the escrow funds shall be paid to the buyer together with any interest earned. See section 718.202(1)(a), Florida Statutes.
N & C's argument, that it did not know what position the buyers were taking in claiming the funds here below because buyers did not file counterclaims or cross claims, is therefore without merit. N & C was the defendant in the suit the buyers filed in Alabama, and the Alabama court's order and opinion finding for the buyers was directed toward N & C, therefore N & C was aware of the grounds on which the buyers were seeking to collect the escrowed funds in the trial court here. The only reason the earnest money wasn't distributed by the Alabama court was that, although the escrow agent was named in the Alabama lawsuit, it was not served and made a party to the suit. We find that the trial court did not err in granting interpleader and distributing the funds at the hearing held February 2, 1987.
N & C correctly contends that buyers' Notice for Trial, and the court's order dated October 6, 1986, setting trial for February 2, 1987, only referred to the interpleader action, case number 86-2330, and did not mention case number 86-3015. However, less than three weeks after the trial court issued its order setting the case for trial, N & C filed a motion to consolidate the interpleader cause with case number 86-3015, dated October 20, 1986, which prompted the escrow agent, the buyers and N & C, to stipulate that the two cases would be consolidated.
In N & C's motion to consolidate, N & C asserted that the two cases involve a "common issue of fact and common issues which justify a joint hearing on all matters", and that in both cases the issue is "who is entitled to the money." Because of those assertions in the motion to consolidate, we find appellant's current argument to be without merit that at the hearing it was unprepared to argue any issue other than interpleader, because it had no way to know what the issues were going to be at this hearing. Further, buyers correctly assert that N & C filed a motion to dismiss the consolidated case at the hearing, and included both case numbers and both sets of parties in the style of its motion. Although it is true that the trial court did not actually issue an order of consolidation, given the circumstances of this case we fail to see how this resulted in any prejudice to appellant. Therefore, we find that the trial court did not err in allowing all of the pertinent issues to be determined at the one hearing.
As to issue III, we found no evidence documenting any transaction to support appellant's argument that the escrow money had been actually transferred to the C & S Bank in Atlanta. There are references throughout the record to written requests by N & C to the escrow agent asking that the money be wired to C & S. Also, the pleadings from the Alabama trial are in this record, and in C & S' Answer in that case it admits that the letters of credit were transferred to it. This statement and the attorneys' argument to the trial judge *1052 concerning the assignment are the strongest indications that an assignment actually occurred.
Further, although appellant may raise the defense of failure to join an indispensable party at trial pursuant to rule 1.140(h)(2), Fla.R.Civ.P., as buyers contend, rule 1.260(c) Fla.R.Civ.P. provides that in case of a transfer of interest, as here, where the escrow agent allegedly assigned the escrow fund to C & S Bank, the action may be continued by or against the original party. According to the demand letter from N & C to the escrow agent, N & C was demanding that the bank wire the escrow funds immediately to C & S bank so they could be credited to N & C's loan account. We find the buyers' argument persuasive that here, although C & S may be a proper party, it is not an indispensable one. A proper party is one who has an interest in the subject matter of the action, but whose absence will not prevent a judgment determining substantial issues between the parties. Trawick, § 4-4.
Further it is N & C's name on the escrow agreement, not C & S. C & S only (allegedly) received the funds as requested in the demand letter dated August 1986, as payment on a loan to N & C. Therefore, as buyers contend, C & S' interest is derivative, not directly related to the suit between N & C and buyers in the Alabama suit, or between Vanguard Bank and the parties in the instant case. During the hearing, in response to the court's question as to why N & C thought it deserved the money, appellant argued that as developer and party to the escrow agreement under which the funds were deposited, it was entitled to the escrow funds. At no time did N & C argue that C & S was entitled to the escrow fund, and C & S never made a demand on the fund to the escrow agent.
Finally, in its Reply Brief, N & C states that the amounts awarded by the state of Alabama were awarded for the earnest money deposit which is held by the escrow agent. In light of the above, we find that the trial court did not err by denying appellant's motion to dismiss on grounds of failure to join C & S as an indispensable party.
In its order dated June 20, 1986, the Alabama trial court denied N & C's motion for partial summary judgment, and granted the buyers' motion for summary judgment. N & C argues that the order was merely interlocutory. However, N & C does not support its order with any authority. (Also, although the Alabama trial court refers to Count III of the amended complaint, there is no amended complaint in the record; therefore, we can only assume from the text of the order that count III dealt with failure of the developer to timely deliver the required condominium documents). Only the original complaint is in the record, consisting of two counts, alleging fraud and breach of fiduciary duty. According to the original complaint, N & C had promised buyers that as part of their purchase agreement it would repurchase the condominium units from them, but had failed to make an effort to do so, making N & C's previous representations appear fraudulent.
Although the order is ambiguously worded regarding "count III," the Alabama order appears to be a final order in that it totally rescinds the contracts, orders that the buyers recover their earnest money deposits, and also awards attorney fees. The trial court closes this order with the phrase "It is ordered, adjudged and decreed that there is no just cause or reason for delay in entry of final judgment therein in favor of plaintiffs and against defendant ..." Also, in the subsequent Alabama opinion, the court concludes that "the plaintiffs are entitled to the summary judgment and the relief it seeks." We find that on its face the opinion which follows the order granting summary judgment is unambiguous and clearly indicates that the Alabama order which granted summary judgment was a final, appealable judgment.
Also, as buyers contend, N & C did not try to secure a stay of execution of the Alabama judgment, and did not post a supersedeas bond in that case until eight months after the Alabama order was rendered which granted summary judgment to buyers, and three weeks after the trial court in this case granted interpleader, consolidated *1053 the parties, and denied N & C's motion to dismiss. Therefore, we find that the buyers' had the right to establish their Alabama judgment as a Florida Judgment pursuant to section 55.501 et seq., Florida Statutes (Florida's Enforcement of Foreign Judgments Act). Further, there was nothing to prohibit the trial court from adjudicating the issues raised by the interpleader action. The judgment or decree from the other state forms the basis for the cause of action, and the validity of the claim upon which the foreign judgment was entered is not open to inquiry. Stern v. Dejong, 462 So.2d 41, 42 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 43 (Fla. 1985). See also Trauger v. A.J. Spagnol Lumber Company, Inc., 442 So.2d 182 (Fla. 1983). Accord M & R Investments Company, Inc. v. Hacker, 511 So.2d 1099 (Fla. 5th DCA 1987). "Judgments are to be interpreted so as to effectuate their intended purpose and construed in light of the entire record. The legal effect, rather than the mere language used, governs the construction of a judgment." Stern, supra, at 42. (Emphasis supplied). We find that the "legal effect" of the Alabama decree is a final order granting buyers a summary judgment allowing them to recover their earnest money deposits. We find no error and affirm as to this issue also.
N & C cites no authority to support its argument that the buyers' decision to file its breach of contract complaint in Alabama precluded them from enforcing the Alabama judgment in Florida. We find N & C's argument weak in light of the specific purpose underlying Florida's Enforcement of Foreign Judgments Act mentioned above. Also, N & C cites no authority to support its argument that, by receiving a money judgment, buyers could not seek to recover their escrow money to satisfy this money judgment.
We affirm on all issues.
SMITH, C.J., and WENTWORTH, J., concur.