540 So.2d 262 (1989)
Warren D. HINCHEE and Dorothy A. Hinchee, His Wife, Appellants,
v.
GOLDEN OAK BANK, Appellee.
No. 88-01897.
District Court of Appeal of Florida, Second District.
March 31, 1989.
William S. Jonassen, Indian Rocks Beach, for appellants.
Patrick T. Maguire, Clearwater, for appellee.
ALTENBERND, Judge.
The Hinchees appeal a final summary judgment which domesticated a California judgment against them pursuant to the "Florida Enforcement of Foreign Judgments Act." § 55.501, et seq., Fla. Stat. (1985). We affirm the summary judgment because the California court did have jurisdiction over the Hinchees, and the California judgment was not obtained by extrinsic fraud.
The Hinchees have lived in Florida since 1980. In 1982, they purchased an interest in the Sierra Sky Ranch in California. The remaining interest in the ranch was owned *263 by their daughter, son-in-law, and another in-law. The ranch was commercial property and had a golf course, restaurants, and guestrooms.
In November 1982, as part of a loan application, the Hinchees executed a continuing guaranty agreement in favor of the Golden Oak Bank concerning any and all indebtedness of "Sierra Sky Ranch, a partnership." The Hinchees executed that agreement in Florida for the California bank. In 1982, the bank did not lend money to the partnership on the loan application and the continuing guaranty agreement.
In November 1984, the bank lent $40,000 to the "Sierra Sky Ranch Partnership" on a promissory note executed by the Hinchees' son-in-law. The promissory note went into default. In January 1986, the bank filed a lawsuit in California against the Hinchees. The lawsuit was personally served upon Mrs. Hinchee on February 20, 1986, in Clearwater, Florida. Mr. Hinchee was served at the same time by substitute service upon his wife. The complaint filed in the California lawsuit described the sequence of events and attached both the continuing guaranty agreement and the promissory note as exhibits.
On March 26, 1986, the bank applied for a default judgment in California and sent notice of that application to the Hinchees at their Clearwater address. On April 11, 1986, the California court entered judgment against the Hinchees for the face amount of the promissory note plus interest, attorneys' fees, and costs. Later in 1986, the Hinchees sold their interest in the ranch. More than a year later, Golden Oak Bank recorded the foreign judgment pursuant to section 55.505(1), Florida Statutes (1985).
The "Florida Enforcement of Foreign Judgments Act," section 55.501, Florida Statutes (1985), provides a uniform statutory method to record foreign judgments. Under the Act, a judgment creditor may record the foreign judgment without filing an action to enforce it. The judgment debtor may then file an action to challenge jurisdiction of the foreign court or the validity of the foreign judgment. § 55.509(1), Fla. Stat. (1985). The analysis of full faith and credit under the United States Constitution is the same analysis utilized in any action to enforce a foreign judgment. U.S. Const. art. IV, § 1. Thus, the preexisting case law on full faith and credit governs this analysis.
It is well established that a foreign judgment may be challenged on grounds that the foreign court lacked jurisdiction over the person. First Nat'l Bank of Searcy, Ark. v. Collins, 372 So.2d 111 (Fla. 2d DCA 1979). Likewise, the validity of the judgment may be challenged on grounds of extrinsic fraud. Haas v. Haas, 59 So.2d 640 (Fla. 1952). The jurisdiction of the foreign court and the validity of the foreign judgment must be analyzed under the law of the foreign state. Trauger v. A.J. Spagnol Lumber Co., 442 So.2d 182 (Fla. 1983); Milligan v. Wilson, 107 So.2d 773 (Fla. 2d DCA 1958).
The California court did have jurisdiction over the Hinchees. A California court may exercise jurisdiction on any basis which is not inconsistent with the United States Constitution or the California Constitution. Cal.Civ.Proc.Code, § 410.10 (West 1986). The Hinchees owned a commercial business in California, both at the time the guaranty was executed and at the time the lawsuit was filed in California. The guaranty related to their business activities in California. Such contacts are sufficient to permit a California court to exercise jurisdiction. Rocklin De Mexico, S.A. v. Superior Court, 157 Cal. App.3d 91, 203 Cal. Rptr. 547 (1984). Cf. Fisher v. Premier Realty Co., 298 So.2d 447 (Fla. 1st DCA 1974), cert. denied, 313 So.2d 38 (Fla. 1975) (Florida extends full faith and credit to a Louisiana judgment obtained by long-arm jurisdiction against Floridian on a guaranty agreement).
Neither is the judgment invalid under California law due to extrinsic fraud. The affidavit filed by the Hinchees contains evidence that the continuing guaranty agreement should have been destroyed by the bank in 1982, and that the bank knew that the continuing guaranty agreement *264 was not intended to protect the subsequent loan. The Hinchees state that the bank did not notify them of the loan transaction until after the loan had been made.
Had the Hinchees filed an answer in the California lawsuit, it is possible that the facts described in their affidavit could have constituted valid defenses to the bank's California lawsuit. These facts, however, were facts known to the Hinchees at the time of the California action. While the bank may have misled the Hinchees concerning its intended use of the guaranty, that is an issue which goes to the merits of the case and, hence, is intrinsic to the issues presented in the California court.
In order to collaterally attack the California judgment on the basis of fraud, the fraud must have been extrinsic. Generally, under California law, fraud is extrinsic if it prevents a party from presenting his case. Gale v. Witt, 31 Cal.2d 362, 188 P.2d 755 (1948). This standard applies even if the judgment is obtained by default. Harvey v. Griffiths, 133 Cal. App. 17, 23 P.2d 532 (1933).
Even if this issue of fraud were analyzed under Florida law, a similar result would occur because the alleged fraud of the bank did not mislead the Hinchees into allowing the default judgment. Instead, the alleged fraud was the very reason they should have appeared in California and vigorously litigated the original action. See DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984).
Affirmed.
CAMPBELL, C.J., and DANAHY, J., concur.