# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3196

_____

LIBERTY NEW,

    Appellant,

    v.

CHARLES BENNETT,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Shonna Young Gay, Judge.

June 4, 2018

M.K. THOMAS, J.

Liberty New appeals the Florida trial court's denial of her Petition for Domestication of a final order entered in Georgia. The Georgia order holds Charles Bennett, her former spouse, in contempt of court and orders his immediate incarceration until payment of child support arrearages. New argues that pursuant to the Full Faith and Credit Clause, a sister state's judgment must be recognized in the absence of jurisdictional invalidity or extrinsic fraud, neither of which were proven by Bennett. We agree and reverse and remand the case for domestication of the Georgia order.

I.

The parties were divorced in Okaloosa County, Florida, on October 23, 2008. The divorce decree requires Bennett to pay child support and provide health and dental insurance, among other financial obligations. Shortly after the parties divorced, New and the children relocated to Georgia. In December of 2013, New filed a complaint in Georgia requesting that the 2008 divorce decree entered in Florida be registered and enforced by the court in Coweta County, Georgia. The complaint, which was properly served upon Bennett, alleged Bennett's failure to comply with the divorce decree. A hearing was scheduled in Georgia for March 24, 2015, to address temporary relief. Prior to the hearing, Bennett filed a responsive pleading. Neither Bennett nor his attorney appeared for the hearing despite receiving notice. The Georgia trial court noted that upon review of Bennett's response it was unable to determine either the relief requested or the defenses asserted. As a result of the March hearing, a contempt order was entered on April 17, 2015. A final hearing was scheduled for December 7, 2015. Despite notice of the final hearing to all parties, Bennett and his attorney were again no-shows. As a result of the hearing, the Georgia trial court determined both that: 1) New had complied with the requirements to register the Florida divorce decree for enforcement in Georgia; and 2) the pleading filed by Bennett was intended as an objection to registration of the Florida divorce decree in Georgia. The Georgia trial court denied Bennett's objection to registration, held him in contempt and ordered his immediate incarceration until payment of $23,417.85 in support arrearages and previously awarded attorney's fees.

As of late 2016, Bennett had apparently not returned to Coweta County, Georgia, or had done so unbeknownst to law enforcement. Accordingly, he had not been incarcerated nor had he paid the outstanding child support. In further effort to obtain relief and to enforce the Georgia order, New filed in Florida a Petition for Domestication of Foreign Order in accordance with sections 55.503 and 55.505, Florida Statutes. New filed the petition in Bay County, Florida, where Bennett was living. In response, Bennett filed a Motion to Strike. A hearing was scheduled, and this time, Bennett and his attorney appeared. Ultimately, the Florida trial court denied New's request for

2

domestication of the Georgia order, concluding the Georgia court lacked proper jurisdiction to find Bennett in willful contempt and subject to imprisonment - as the contempt order was issued without a jury trial. The trial court further concluded that the Georgia order lacked the requisite findings to order Bennett's incarceration, even if jurisdiction was proper, because the Georgia court did not find Bennett had the present ability to pay the amount awarded.* This appeal followed.

## II.

"Florida enacted the Uniform Enforcement of Foreign Judgments Act, or Florida Enforcement of Foreign Judgments Act (FEFJA), in 1984." *Patrick v. Hess*, 212 So. 3d 1039, 1042 (Fla. 2017); *see also* §§ 55.501–509, Fla. Stat. (2016). FEFJA was intended to provide an efficient method of enforcing foreign judgments without the undue cost and difficulty associated with filing a new, separate action to domesticate a foreign judgment. *Pratt v. Equity Bank, N.A.*, 124 So. 3d 313, 315 (Fla. 5th DCA 2013). A foreign judgment domesticated under FEFJA has the same effect as a Florida judgment and is subject to the same legal and equitable defenses and rules of procedure. *Desert Palace, Inc. v. Wiley*, 145 So. 3d 946, 947 (Fla. 1st DCA 2014).

FEFJA stems from the Full Faith and Credit Clause of the United States Constitution, which states: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial proceedings of every other State." U.S. Const. art. IV, § 1. In the Full Faith and Credit context, if the first state had jurisdiction over the parties and the subject matter, "'the validity of the claim on which the foreign judgment was entered is not open to inquiry.'" *M & R Invs. Co. v. Hacker,* 511 So. 2d 1099, 1101 (Fla. 5th DCA 1987) (quoting *Trauger v. A.J. Spagnol Lumber Co.,Inc.,* 442 So. 2d 182, 183 (Fla.1983). "A foreign order of contempt is entitled to full faith and credit in Florida if it is valid in the state in which it

---

*The trial court's reasoning for denial of the Petition for Domestication is limited to the order on appeal. No transcript of the hearing in Bay County, Florida, was provided as part of the record.

3

was issued." *Roosa v. Roosa,* 519 So. 2d 1108, 1109 (Fla. 4th DCA 1988).

Pursuant to the Full Faith and Credit Clause, a sister state's judgment must be recognized, but it may be attacked for either lack of jurisdiction or extrinsic fraud. *Hinchee v. Golden Oak Bank,* 540 So. 2d 262, 263 (Fla. 2d DCA 1989). "[T]he validity of the foreign judgment must be analyzed under the law of the foreign state." *Id.* at 263. If a Florida litigant shows that a sister state's judgment is valid and final and that subject matter and personal jurisdiction existed in the foreign state, the judgment is properly authenticated. *See Robinson v. Robinson,* 487 So. 2d 67, 68 (Fla. 1st DCA 1986). A Florida court should not "attempt to determine the validity of a judgment or decree of a sister or foreign country unless something appears *on the face of the record* which discloses its invalidity." *The Cadle Co. v. Jay,* 907 So. 2d 634, 639 (Fla. 3d DCA 2005).

III.

Whether the trial court erred in its denial of New's Petition for Domestication of the Georgia order is reviewed *de novo. Spano v. Wells Fargo Equip. Fin.,* 165 So. 3d 834, 836 (Fla. 4th DCA 2015).

In the order on appeal, the Florida trial court briefly addressed jurisdiction, stating, "the Georgia Court did not have proper jurisdiction to find Respondent/Former Husband in willful contempt subject to imprisonment. (See Ga. Code Ann. § 15-1-4.)" Correctly, the Florida trial court applied the laws of the foreign state in analyzing jurisdiction. However, it erred in finding the Georgia court lacked jurisdiction, as nothing on the face of the Georgia order indicates any form of jurisdictional invalidity. Furthermore, the Florida trial court's citation of section 15-1-4 in relation to its analysis of the personal jurisdiction was misplaced. The statute is not jurisdictional in nature, but rather addresses a court's power to punish contempt based on specified acts. The Georgia court specifically found it "ha[d] personal jurisdiction over Former Husband and to enforce the terms of the Final Decree." Georgia's Uniform Interstate Family Support Act provides that "[i]n a proceeding to establish or enforce a support order . . . a

4

tribunal of this state may exercise personal jurisdiction over a nonresident individual . . . if . . . (2) [t]he individual submits to the jurisdiction of Georgia by . . . filing a responsive document having the effect of waiving any contest to personal jurisdiction" or if there is any other basis consistent with the Constitutions of Georgia and the United States. Ga. Code Ann. § 19-11-110(a)(2),(8). Here, the Georgia court specifically referenced Bennett filing a pleading in the Georgia proceeding prior to issuance of the Georgia order. The burden was on Bennett to prove lack of personal jurisdiction. By failing to appear at the Georgia final hearing to assert said defenses, the registration of the Florida decree was confirmed, which precluded further contest of the registration in Georgia with respect to jurisdiction or any other defense which could have been raised in the Georgia proceeding. Ga. Code Ann. §§ 19-11-166(a), 19-11-167.

The Florida trial court supported its denial of the Petition for Domestication by finding the Georgia order "lacks the requisite findings to order [Bennett's] immediate incarceration even if jurisdiction was proper." Specifically, the trial court held that the Georgia order did not find Bennett had the present ability to pay the arrearage, so a finding of willful and "criminal" contempt was improper. However, where a petition is made to register and enforce a foreign judgment pursuant to section 55.501, Florida law only permits the judgment debtor to contest the jurisdiction of the foreign court. The registering court is not entitled to retry the foreign court's findings of fact. *See* § 55.509, Fla. Stat.

Here, the trial court initiated an improper substantive review of the Georgia judgment. *The Cadle Co.*, 907 So. 2d at 639. "The courts of Florida cannot be empowered by the legislature to review the underlying cause of action when a person seeks to enforce a foreign judgment in this state." *Trauger*, 442 So. 2d at 183-84. The validity of New's claim upon which the Georgia judgment was entered was not "open to inquiry" by the Florida trial court. *See Stern v. Dejong*, 462 So. 2d 41, 42 (Fla. 1st DCA 1984). Consistent with the Full Faith and Credit Clause, the Georgia order is impeachable in Florida only if the judgment is susceptible to collateral attack under the foreign state's jurisprudence. *See Johnson v. Muelberger*, 340 U.S. 581, 589 (1951). These collateral attacks against judgments involve parties who have had their day

5

in court. Where there has been participation by the parties in the foreign divorce proceedings and the parties have been given full opportunity to contest the jurisdictional issues, any further attack on the judgment is barred by res judicata. *Sherrer v. Sherrer*, 334 U.S. 343, 351 (1948).

Florida courts have jurisdiction to enforce a foreign judgment for arrearages in alimony or child support by equitable remedies, including contempt. *See Gibson v. Bennett*, 561 So. 2d 565 (Fla. 1990). As Bennett failed to satisfy his burden of proof that the Georgia trial court lacked personal jurisdiction or that the foreign order was obtained as a result of extrinsic fraud, the Florida trial court erred in not providing full faith and credit to the Georgia order. Accordingly, the order on appeal is reversed, and the matter remanded for domestication of the Georgia order.

REVERSED and REMANDED with directions.

OSTERHAUS AND WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Rachel R. Seaton of Seaton Law Offices, P.A., Panama City, for Appellant.

Robert L. Sirianni, Jr., of Brownstone, P.A., Winter Park, for Appellee.