695 So.2d 471 (1997)
BOARDWALK REGENCY CORP., Appellant,
v.
Bruce HORNSTEIN, Appellee.
No. 96-2120.
District Court of Appeal of Florida, Fourth District.
June 11, 1997.
Robin Sobo Moselle of Sobo, Levine & Moselle, Fort Lauderdale, for appellant.
W. Jeffrey Barnes of J. Barnes & Associates, P.A., Boca Raton, for appellee.
PER CURIAM.
Appellant, Boardwalk Regency Corporation, owner of an Atlantic City gambling casino, obtained a $40,761.64 judgment in a New Jersey Superior Court against appellee, Bruce Hornstein. Boardwalk then domesticated the judgment in Florida pursuant to section 55.05, Florida Statutes. Hornstein filed a motion to vacate the judgment arguing that because it was based on a gambling debt, it was contrary to public policy and, therefore, void and unenforceable in Florida. The trial court granted Hornstein's motion and vacated the domesticated judgment. We reverse because Florida courts are obligated by the Full Faith and Credit Clause to recognize judgments which have been validly rendered in the courts of sister states, including those based on gambling debts. See Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 *472 L.Ed. 1039 (1908); M & R Invs. Co. v. Hacker, 511 So.2d 1099 (Fla. 5th DCA 1987); GNLV Corp. v. Featherstone, 504 So.2d 63 (Fla. 4th DCA), review denied, 513 So.2d 1061 (Fla.1987).
REVERSED.
GUNTHER, C.J., and DELL and STEVENSON, JJ., concur.